IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, *Et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>      Defendants. | Civil Action No. 1:24-cv-00150-DMT-CRH |

### MOTION TO STAY BRIEFING DEADLINES IN RELATION TO PROPOSED INTERVENORS' MOTIONS

  **I.**  **Background**

Defendants issued a Final Rule on May 8, 2024, which grants Affordable Care Act (ACA) eligibility to participants in the Deferred Action for Childhood Arrivals (DACA) program. *See* ECF No. 1; 89 Fed. Reg. 39392 (May 8, 2024). It does so by declaring that DACA recipients, whose unlawful presence in the United States is the basis for the action (i.e. deportation) deferred by the DACA program, are "lawfully present" for purposes of the ACA. The Final Rule takes effect on November 1. Plaintiffs filed suit in this Court on August 8, and moved for a Stay of the Final Rule and Preliminary Injunction on August 30. ECF 35. Oral argument for the motion for Stay / Preliminary Injunction is set for October 15.

  **II.**  **Movants' Motions to Dismiss and Transfer**

On September 20, Claudia Moya Lopez, Hyun Kim, Dania Quezada Torres, and CASA, Inc. (Movants) filed a motion to intervene in this case. ECF 49. Plaintiffs intend to oppose their

1

intervention and will submit responses indicating such opposition by October 4. Therefore, the Movants can be permitted to intervene only if the Court grants it over Plaintiffs' objections.

Just minutes after seeking intervention, however, Movants also filed a combined motion to dismiss and/or transfer. ECF 50. They requested the Court to rule that Plaintiff North Dakota lacked standing and should be dismissed as a party; to dismiss the entire case because the District of North Dakota was therefore an improper venue; or, in the alternative, to transfer the case to the District of Washington D.C., a more convenient venue for Movants. Moreover, Movants want their motion to dismiss or transfer to be briefed by the parties—along with oral argument, *see* ECF 58—and decided by this Court prior to any ruling on Plaintiffs' motion for Preliminary Injunction. ECF 50.

Movants' request is improper and premature. Whatever they may think—*see* ECF 50-1, at 20 ("Defendants respectfully submit…")—they are not parties to this case. And a nonparty may not file motions to dismiss or transfer a case for improper venue. *See* Loc. R.Fed. R. Civ. P. 12(b) ("But a *party* may assert the following defenses by motion: … (3) improper venue"). Intervenors do not become parties until their motion is granted. *See Moses v. City of Perry*, 90 F.4th 501, 505 & n.3 (6th Cir. 2024) ("proposed intervenors do not become parties within the meaning of the Rule until their motion is granted"); *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) ("[A]n applicant for intervention is not a party—he wants to *become* a party."); *People Who Care v. Rockford Bd. of Educ.*, 171 F.3d 1083, 1089 (7th Cir. 1999) ("If the motion to intervene were submitted to and granted by a district judge, the intervenors would become parties"); *U. S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009)("An individual may also become a "party" to a lawsuit by intervening in the action"). When the Federal Rules of Civil Procedure authorize "parties" to move, this authorization excludes non-parties. *See Stanton v. Cash Advance Centers, Inc.*, 59 F.4th 932, 933 (8th Cir. 2023) ("Only parties to a lawsuit may appeal an

2

adverse judgment. The federal rules of procedure reflect this principle by requiring that the notice of appeal specify the *party* or *parties* appealing…"); *Forster v. Schofield*, 2011 WL 6101548 at *5 (M.D. Tenn. 2011) ("Fed. R. Civ. P 56(a) begins with the following language, 'A *party* may move for summary judgment…' While the Rule does not specifically say that *only* a party can move for summary judgment, the Court is reluctant to endorse a process that would result in an "automatic" substitution of a party or entry of a party into a case and in non-parties' being able to file such motions in pending case.") (italics in original) (internal citations omitted).

Movants' proposed intervention in this case distracts the parties and the Court from the pending motion for a Stay and Preliminary Injunction, and will cause unnecessary delay of the Court's resolution of that motion. Plaintiffs accordingly request the Court to stay any deadlines for responses, briefing, and oral argument that apply to Movants' motion to dismiss and/or transfer (and any other motion Movants may file) unless and until Movants' motion to intervene is granted. If Movants are granted leave to intervene, the Parties, and this Court, can appropriately address their motion to dismiss and/or transfer at that time.

Respectfully submitted,

KRIS W. KOBACH

Attorney General of Kansas
*/s/ Abhishek S. Kambli*
Abhishek S. Kambli, Kan. SC No. 29788
*Deputy Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Email: abhishek.kambli@ag.ks.gov
*Counsel for the State of Kansas*

## CERTIFICATE OF SERVICE

This is to certify than on this 23rd day of September, 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                                            */s/ Abhishek S. Kambli*
                                                        Abhishek S. Kambli, Kan. SC No. 29788
                                                        *Deputy Attorney General*
                                                        *Counsel for the State of Kansas*