IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, the State of NORTH DAKOTA, the State of ALABAMA, the State of ARKANSAS, the State of FLORIDA , the State of IDAHO, the State of INDIANA, the State of IOWA, the Commonwealth of KENTUCKY, the State of MISSOURI, the State of MONTANA, the State of NEBRASKA, the State of NEW HAMPSHIRE, the State of OHIO, the State of SOUTH CAROLINA, the State of SOUTH DAKOTA, the State of TENNESSEE, the State of TEXAS, and the Commonwealth of VIRGINIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>*Defendants*. | CIVIL ACTION NO. 1:24-cv-00150-DMT-CRH |

**PROPOSED INTERVENORS OPPOSITION TO PLAINTIFFS' MOTION TO STAY BRIEFING DEADLINES IN RELATION TO PROPOSED INTERVENORS' MOTIONS AND, IN THE ALTERNATIVE, MOTION FOR EXPEDITED BRIEFING SCHEDULE**

On September 20, 2024, Claudia Moya Lopez, Dania Quezada Torres, and Hyun Kim, ("Proposed Individual Intervenors") and CASA, Inc. ("CASA") (together, "Proposed Intervenors") filed a motion to intervene as Defendants in this case, ECF No. 49, and simultaneously filed a motion to transfer under 28 U.S.C. § 1406(a), ECF No. 50. As explained in their motion to intervene, all Proposed Intervenors have an interest in defending the Final Rule permitting DACA recipients to purchase health insurance through the marketplaces established under the Affordable Care Act ("ACA") and would be directly harmed by a preliminary injunction to stay the Final Rule.

*See* ECF No. 49, at 4, 13-15.  Accordingly, Proposed Intervenors filed both their motion to intervene and motion to transfer with sufficient time for both non-dispositive motions to ripen by October 11 and to be considered in advance of Plaintiff States' motion for preliminary injunction, a hearing for which is currently scheduled for October 15.  *See* ECF No. 44.  Proposed Intervenors also intend to respect the existing schedule for the preliminary injunction motion by submitting a proposed opposition brief to that motion concurrently with the September 25 deadline for CMS's brief.

Plaintiff States now attempt to sideline Proposed Intervenors by moving to stay the briefing schedule for Proposed Intervenors' motion to transfer until their motion to intervene is granted.  ECF No. 59, at 2-3.  Plaintiff States argue that Proposed Intervenors' motion to transfer is not properly before this Court because Proposed Intervenors are not yet "parties to this case" and passingly suggest that briefing the motion to transfer will "distract[]" them from the preliminary injunction briefing and "cause unnecessary delay." *Id.*  But Plaintiff States are wrong on both the law and the equities.  Accordingly, this Court should deny their motion to stay.  If the Court does stay briefing on the transfer motion pending a ruling on intervention, however, then Proposed Intervenors respectfully move for an abbreviated briefing schedule on intervention that provides for a ruling with enough time to permit full briefing on the transfer motion prior to the currently scheduled preliminary injunction hearing on October 15.

As a threshold matter, Plaintiff States' argument that proposed intervenors are barred from filing motions until after a court resolves their motion to intervene is incorrect.  Indeed, it is commonplace for courts to permit potential intervenors to file various types of motions pending final resolution of their motion to intervene.  *See, e.g.*, *Builders Mut. Ins. Co. v. Edmonds*, 2023 WL 8531095, at *1-5 (E.D. Tenn. Dec. 8, 2023) (granting a motion to intervene and to dismiss

2

where they were filed simultaneously); *In re CenturyLink Sales Practi. & Secs. Litig.*, 2020 WL 7129889, at *3-4 (D. Minn. Dec. 4, 2020) (deciding simultaneously both motion to intervene and proposed intervenors' motion to compel arbitration). Plaintiff States cite no case where a district court forbade a proposed intervenor from filing substantive motions simultaneously with its motion to intervene.

Beyond this legal error, Plaintiff States fail to demonstrate that a stay here is justified by weighing their purported injury against the harm to the Proposed Intervenors and the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The party seeking a stay bears the burden of showing that it is justified, *id.* at 433-34, and Plaintiff States' gestures towards "distract[ion]" and "delay" fail to articulate a significant injury that they will suffer by having to submit one additional brief. *See, e.g.*, *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury").

By contrast, Proposed Intervenors will suffer irreparable harm if this Court does not permit full briefing and resolution of their motion to transfer prior to resolving Plaintiff States' preliminary injunction motion. "One of the central purposes of statutory venue is to ensure that a defendant"— or Intervenor Defendant, for that matter—"is not 'haled into a remote district having no real relationship to the dispute.'" *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). The question of improper venue thus must be decided "prior to addressing the merits of any claim, including a preliminary injunction." *Proctor & Gamble Co. v. Ranir, LLC*, 2017 WL 3537197, at *4 (S.D. Ohio Aug. 17, 2017) (collecting authorities). Plaintiff States' motion to stay will make it all but impossible for this Court to consider Proposed Intervenors' motion to transfer prior to the October 15 hearing on the preliminary injunction and, therefore, risk wading into the merits of this litigation in an improper venue.

Furthermore, Plaintiff States' suggestion that Proposed Intervenors are unduly delaying this litigation (ECF No. 59, at 3) is also without merit.  CMS published the Final Rule on May 8, 2024, and Plaintiff States waited three months—until August 8, 2024—to file their Complaint in this case, ECF No. 1.  Plaintiff States then waited a further 20 days to file their Amended Complaint (ECF No. 27) and 22 days to file their motion for preliminary injunction (ECF No. 35).  By contrast, Proposed Intervenors filed their motion to intervene and motion to transfer only 23 days after the States filed the amended complaint and 21 days after their motion for preliminary injunction.  *See* ECF Nos. 49, 50.  After knowing about the Final Rule since CMS first issued its notice of proposed rulemaking in April 2023—indeed, some Plaintiff States commented on it—and then sitting on their hands for almost four months before filing their motion for preliminary injunction, it is Plaintiff States, not Proposed Intervenors, who have caused the tight schedule here.  Proposed Intervenors should not be excluded from the early stages of this litigation due to Plaintiff States' wait-then-rush approach.

Finally, if this Court does grant Plaintiff States' motion to stay, then Proposed Intervenors respectfully move for an abbreviated briefing schedule for their motion to intervene that provides for a ruling with sufficient time to permit full briefing on Proposed Intervenors' transfer motion prior to the currently scheduled preliminary injunction hearing on October 15.  Currently, oppositions to both motions are due on October 4, and Proposed Intervenors' reply briefs are due on October 11.  Proposed Intervenors defer to the Court as to the appropriate timing of an abbreviated schedule that permits resolution of the pending issues in the proper order.

\* \* \*

For the reasons set forth above, Proposed Intervenors respectfully request that this Court deny Plaintiff States' motion.  In the alternative, if the Court grants Plaintiff States' motion,

4

Proposed Intervenors move for an expedited briefing schedule on their motion to intervene and motion to transfer to permit resolution of the former and full briefing on the latter prior to the October 15, 2024 preliminary injunction hearing.

Date: September 24, 2024

Respectfully submitted,

/s/ Matthew S. Rozen

| | |
|---|---|
| Nicholas Espiritu (*pro hac vice*) | Matthew S. Rozen (VA Bar No. 85871) |
| Gabrielle Lessard (*pro hac vice*) | John Matthew Butler (D.C. Bar No. 1721350) |
| Tanya Broder (*pro hac vice*) | |
| NATIONAL IMMIGRATION LAW CENTER | GIBSON, DUNN & CRUTCHER LLP |
| 3450 Wilshire Blvd. | 1050 Connecticut Avenue, N.W., |
| Suite 108 – 62 | Washington, D.C. 20036 |
| Los Angeles, CA 90010 | mrozen@gibsondunn.com |
| espiritu@nilc.org | mbutler@gibsondunn.com |
| lessard@nilc.org | Telephone: 202.955.8500 |
| broder@nilc.org | Facsimile: 202.467.0539 |
| Telephone: 213.639.3900 | |
| Facsimile: 213.639.3911 | Betty X. Yang (TX Bar No. 24088690) |
| | byang@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| Joanna E. Cuevas Ingram (*pro hac vice*) | 2001 Ross Avenue Suite 2100 |
| Hilda Bonilla (*pro hac vice*) | Dallas, Texas 75201 |
| NATIONAL IMMIGRATION LAW CENTER | Telephone: 214.698.3100 |
| P.O. Box 34573 | Facsimile: 214.571.2900 |
| Washington, DC 20043 | |
| cuevasingram@nilc.org | |
| bonilla@nilc.org | |
| Telephone: 202.216.0261 | |
| Facsimile: 202.216.0266 | |

*Attorneys for Proposed Intervenors*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 24th, 2024, I filed the foregoing brief using the Court's CM/ECF system, which will send a notice of the filing to counsel for all parties.

                */s/ Matthew S. Rozen*
                  Matthew S. Rozen