IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>                    Defendants. | Civil Action No. 1:24-cv-00150-DMT-CRH |

<u>REPLY TO PROPOSED INTERVENORS' RESPONSE TO PLAINTIFFS' MOTION TO STAY BRIEFING DEADLINES IN RELATION TO PROPOSED INTERVENORS' MOTION TO TRANSFER/DISMISS, MOTION FOR EXPEDITED BRIEFING</u>

On September 20, Proposed Intervenors Claudia Moya Lopez, Hyun Kim, Dania Quezada Torres, and CASA, Inc. (Movants) filed a motion to intervene in this case. ECF 49. As a non-dispositive motion, Plaintiffs' and Defendants' opposition to their intervention will be filed by the deadline imposed by this Court's rules, on October 4.

Movants simultaneously filed a dispositive motion to dismiss Plaintiff State North Dakota for lack of standing, to dismiss the case entirely due to improper venue, or in the alternative, to transfer the case to Movants' preferred forum in Washington, D.C. This is a dispositive motion, since it seeks at least partial relief under Fed. R. Civ. P. 12(b)(3): dismissal for improper venue. *See* D.N.D. Civ. L.R. 7.1(A)(1) ("A dispositive motion is one which seeks dispositive relief, whether partial or complete, pursuant to Fed. R. Civ. P. 12 or 56.").

As a preliminary matter, Movants have misapprehended the correct deadline for responses to their motion to dismiss/transfer—they believe it is October 4. Dkt. 60, at 4. But

1

under the rules of the District of North Dakota, a dispositive motion allows twenty-one days for a response. D.N.D. Civ. L.R. 7.1(A)(1). Movants are asking for the dismissal of a party (Plaintiff North Dakota) from the case and if they were to prevail, it would be dispositive at least as to Plaintiff North Dakota. Thus, if this Court instructed Plaintiffs to respond to Movants' motion to dismiss/transfer, Plaintiffs should have until Friday, October 11 to respond.

However, Plaintiffs have argued that it would be inappropriate and prejudicial to be required to respond to a dispositive motion made by a nonparty when oral argument for a stay of the Defendants' Final Rule and preliminary injunction is set for October 15. Dkt. 59. And Plaintiffs have asked the Court to delay the deadlines that might otherwise apply to Movants' motions, other than their motion to intervene. *Id.*

In their response, Movants introduced a motion for expedited briefing on their motion to intervene. Dkt. 65. Plaintiffs oppose this motion, for the same reasons described in Defendants' opposition to expedited briefing. Dkt. 64. Expedited briefing is unnecessary, as its purpose is only to ensure briefing on Movants' motion to transfer. And the Court should stay deadlines on Movants' motion to dismiss/transfer because their requested schedule will delay the Court's consideration of Plaintiffs' motion for a stay and preliminary injunction. Defendants have introduced arguments identical to those Movants include in their motion to transfer, and there is no risk that the Court will be unable to rule on those arguments prior to ruling on Plaintiffs' requested relief. Granting Movants' requests would prejudice all parties by imposing a new burden of responding to their motions while also preparing to litigate the pending motion for a stay and preliminary injunction.

With respect to their other arguments, Movants' response to Plaintiffs' request to stay deadlines relies on weak and inapposite caselaw. As a result, they get a few things wrong. First, it is not common for nonparties to submit motions to a court, especially over the opposition of

2

the real parties. Movants cite two district courts which allowed simultaneous briefing on intervention and other motions. And Movants did not demonstrate that either case involved party opposition to the practice.[1] That does not establish a "commonplace" practice.

Second, Movants attempt to apply the *Nken* standards,[2] which federal courts use when evaluating appellate motions to stay *judgments and court orders*, to Plaintiffs' request to stay a deadline for response briefing. Dkt. 60, at 3. And they similarly misapply precedent by implying that Plaintiffs deserve to have their request granted only if they show "irreparable injury."[3] Dkt. 60, at 3. These cases have nothing to do with staying briefing deadlines. And Movants cannot cite one that does.

This Court does not need to find that Plaintiffs meet the standards for staying a court order, or that they will suffer irreparable injury for the purpose of a briefing schedule. Instead, the Court should exercise its discretion and its authority over its own docket, in the interest of the orderly administration of justice, to prevent Movants from intervening in this case before the Court has granted them status as Intervenors. *See Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to

---

[1] *See In re CenturyLink Sales Practi. & Secs. Litig.*, 2020 WL 7129889, at *3 (D. Minn. Dec. 4, 2020) ("The Court grants Movants' motion to intervene to allow limited intervention solely for the purpose of litigating their motion to compel arbitration. CenturyLink agrees to this limited intervention.").

[2] Under *Nken*, courts evaluate a request for stay of a lower court ruling by balancing the movants' (1) likelihood of success and (2) irreparable harm absent a stay against (3) harm to the opposing party and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 434-35 (2009). *See also id.* at 421 (noting that the function of a stay was to "hold a ruling in abeyance to allow an appellate court the time necessary to review it.").

[3] Irreparable injury is not the correct standard here. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Without a clear showing of irreparable injury, failure to exhaust administrative remedies serves as a bar to judicial intervention in the agency process.") (internal citations omitted).

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Movants are wrong to blame Plaintiffs for the "tight schedule" that prevents the Court and the parties from expedited briefing and hearings on all these motions. Plaintiffs filed their complaint in time to brief and argue a motion for a stay and preliminary injunction of the Final Rule, with the intention of obtaining a ruling prior to the Final Rule's effective date. And Plaintiffs conferred with Defendants and produced a joint briefing schedule that was acceptable to the Court. Movants, on the other hand, waited until three weeks before oral argument, and six weeks after the complaint was filed, to file a motion for intervention and a motion to dismiss/transfer.[4] They did not confer with any of the parties, or give any notice that they planned to intervene. If Movants are inconvenienced by the timeline, their own legal strategy is to blame.

And it should be clear that their strategy aims to delay these proceedings. With the Final Rule taking effect on November 1, Movants appear to be overloading the litigants and the court with multiple simultaneous and untimely motions, which they hope will distract the parties and delay consideration of the stay and preliminary injunction. Failing that, they want to transfer the case to another court so that a ruling on a stay and preliminary injunction will be pushed back beyond November 1. All this points to a deliberate delaying tactic (which Movants never disclaim). The Court should not acquiesce and instead take the prudent approach of staying any briefing on Movants' motions until their motion to intervene is ruled on.

---

[4] As noted in Plaintiffs' motion to stay deadlines, Dkt. 59, the circumstances of Movants' simultaneous filing of a motion to intervene and motion to dismiss/transfer (with its accompanying 20-page brief) strongly suggest that Movants delayed filing their motion to intervene while they completed their motion to dismiss/transfer. They have offered no explanation for this tactic.

4

Respectfully submitted,

KRIS W. KOBACH

Attorney General of Kansas

*/s/ James R. Rodriguez*
James R. Rodriguez, Kan. SC No. 29172
*Assistant Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 368-8197
Email: jay.rodriguez@ag.ks.gov
*Counsel for the State of Kansas*

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of September, 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ James R. Rodriguez*
James R. Rodriguez, Kan. SC No. 29172
*Assistant Attorney General*
*Counsel for the State of Kansas*