UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **STATE OF KANSAS,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>*Defendants.* | Case No. 24-cv-150-DMT-CRH |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit notice of a recent decision in *Texas v. Mayorkas*, No. 23-cv-00001 (S.D. Tex.), holding that a State lacked standing to challenge a federal regulation where it failed to present evidence that the rule would cause an increase in noncitizens within its territory. *See* 2024 WL 4355197, at *5-6 (S.D. Tex. Sept. 30, 2024). The district court issued this decision after Defendants filed their opposition to Plaintiffs' motion for a stay and preliminary injunction, and it further demonstrates that North Dakota and the other States' efforts to establish standing based on an indirect-costs theory fail. *See* ECF No. 61 at 11-15.

In *Texas*, the State contended that the Department of Homeland Security's rule defining "public charge" in 8 U.S.C. § 1182(a)(4)(A) conflicted with PRWORA and other federal statutes and that the rule was arbitrary and capricious under the APA. 2024 WL 4355197, at *2-3. Texas argued that the rule would harm it by "reduc[ing] the number of [noncitizens] who will be found to be inadmissible public charges," resulting in more noncitizens in Texas and more social-services spending by the State. *Id.* at *5. The district court concluded that this "argument fail[ed] at step one" because Texas "failed to submit *evidence* that an increase in [noncitizens] has occurred or is 'imminent' for Article III purposes." *Id.* (citing *Texas v. DHS*, 2024 WL 2888758, at *3 (S.D. Tex. May 28, 2024); *Arizona v. Garland*, 2024 WL 1645417, at *11 (W.D. La. Apr. 16, 2024)). Because Texas could

1

not show "that a single *additional* person was, or would be, granted admission into the country, much less Texas," due to the rule, it "failed to meet its burden of proving an injury in fact and thus lack[ed] standing." *Id.* at *6. The court further rejected Texas's invocation of "special solicitude" and reaffirmed that the doctrine is "not a standing shortcut when standing is otherwise lacking." *Id.* at *6-7.

In this case, North Dakota and other States bring a similar challenge to the Centers for Medicare & Medicaid Services' rule defining "lawfully present" in 42 U.S.C. § 18032(f)(3) and related provisions, and they principally assert a similar theory of standing. Even assuming such a theory articulates a cognizable injury, *but see* ECF No. 61 at 10-11, as in *Texas*, the States fail to present any evidence that the rule will cause any changes in the noncitizen population in their States or that any such changes will result in increased State expenditures. *See id.* at 11-15. They have accordingly "failed to meet [their] burden of proving an injury in fact and thus lack[] standing" under this theory. *Texas*, 2024 WL 4355197, at *6. And for the same reasons provided in *Texas*, special solicitude cannot cure those deficiencies. *Id.* at *6-7.

Dated: October 3, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director
Federal Programs Branch

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar No. 1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for Defendants*