IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, the State of NORTH DAKOTA, the State of ALABAMA, the State of ARKANSAS, the State of FLORIDA , the State of IDAHO, the State of INDIANA, the State of IOWA, the Commonwealth of KENTUCKY, the State of MISSOURI, the State of MONTANA, the State of NEBRASKA, the State of NEW HAMPSHIRE, the State of OHIO, the State of SOUTH CAROLINA, the State of SOUTH DAKOTA, the State of TENNESSEE, the State of TEXAS, and the Commonwealth of VIRGINIA, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES, <br><br> *Defendants*. | CIVIL ACTION NO. 1:24-cv-00150-DMT-CRH |

**PROPOSED INTERVENORS' MOTION FOR ORAL ARGUMENT**

Proposed Intervenors Claudia Moya Lopez, Dania Quezada Torres, Hyun Kim, and CASA, Inc. ("Proposed Intervenors") respectfully request that this Court: (1) hear oral argument on their pending motion to intervene, ECF No. 49, and motion to transfer, ECF No. 50, concurrently with the oral argument scheduled in this case for October 15, 2024; and (2) permit Proposed Intervenors to participate in oral argument on Plaintiff States' motion for a preliminary injunction, ECF No. 35, as proposed intervenors or, in the alternative, proposed *amici*.

Briefing on all three motions should be completed by October 11. Proposed Intervenors filed their non-dispositive motions to intervene and transfer on September 20. Under Local Rule 7.1(B), responses are due two weeks later, on October 4, and replies one week after that, on October 11.[1] Plaintiffs moved to stay those deadlines, but this Court has not acted on that motion.[2]

The motions are related and must be argued and decided together in an appropriate order. The threshold question is whether this Court is an appropriate venue. If not, it should not decide the other motions. *See Maybelline Co. v. Noxell Corp.*, 813 F.2d 901, 907 (8th Cir. 1987) (vacating preliminary injunction where district court failed to first assess venue). If the Court determines that venue is proper, it should decide the motion to intervene next to determine Proposed Intervenors' rights with respect to the preliminary injunction motion. If the motion to intervene is denied, Proposed Intervenors have requested that the Court accept their response to the preliminary

---

[1] Plaintiffs are wrong that the transfer motion is "dispositive" and thus subject to longer deadlines. ECF No. 67, at 1. Proposed Intervenors have not asked to "dismiss Plaintiff State North Dakota for lack of standing" or "dismiss the case entirely due to improper venue." *Id.* Instead, the motion asks only to "transfer" the case to another venue. ECF No. 50. Although the motion is premised on North Dakota's lack of standing, North Dakota can still participate in this action as a party as long as "one party" establishes "standing." *Elder v. Gillespie*, 54 F.4th 1055, 1063 (8th Cir. 2022). The main consequence of North Dakota's lack of standing is simply that its participation cannot support venue, ECF No. 50-1, at 7-8, and it cannot obtain preliminary relief, ECF No. 62-1, at 20.

[2] The Court's inaction moots Proposed Intervenors' argument that, if the Court were to stay briefing on the transfer motion pending a decision on the motion to intervene, it should expedite the motion to intervene to allow the full briefing on the transfer motion before October 15. ECF No. 60, at 4. It is now too late to grant that relief in any event.

1

injunction as an *amicus* brief.  *See* ECF No. 62, at ii n.1.

Affording Proposed Intervenors oral argument on all three motions on October 15 will best promote the public interest and judicial economy in this case.  Proposed Intervenors have a unique perspective in this litigation, seeking to defend their right to purchase affordable health insurance, and they are not prevented, like Defendants, from making arguments that cut against the institutional interests of the federal government.  *See* ECF No. 49-1, at 15-18.  For example, Defendants unsurprisingly omit Proposed Intervenors' argument that the Final Rule is not arbitrary and capricious because there was never any statutory basis for excluding DACA recipients in the first place. *See* ECF No. 62-1, at 16.  The Court should permit Proposed Intervenors to raise these points during oral argument, both to defend their intervention in this litigation (to the extent it has not already been granted by October 15) and to oppose injunctive relief.  Indeed, because Proposed Intervenors are entitled to intervene as of right, excluding them from participation in oral argument on a preliminary injunction would be prejudicial error if that relief were ultimately granted, and any injunction would be subject to reconsideration or reversal if this Court or the Eighth Circuit were later to recognize Proposed Intervenors' right to intervene.  On a practical note, moreover, holding two hearings—one for the preliminary injunction and one for the other motions—would double the parties' travel time and expenses and unnecessarily clog the Court's docket.

At a minimum, even if Proposed Intervenors are not permitted to intervene, they should be permitted to participate in oral argument on the preliminary injunction motion as *amici*.  No party has yet expressed any objection to Proposed Intervenors' request to treat their opposition to the preliminary injunction motion as an *amici* brief if intervention is denied.  And allowing Proposed Intervenors to fully participate in oral argument on that motion as *amici* would minimize the need for further proceedings on that motion if intervention is ultimately granted.

Date: October 3, 2024

Respectfully submitted,

*/s/ Matthew S. Rozen*

| | |
|---|---|
| Nicholas Espiritu (*pro hac vice*) <br> Gabrielle Lessard (*pro hac vice*) <br> Tanya Broder (*pro hac vice*) <br> NATIONAL IMMIGRATION LAW CENTER <br> 3450 Wilshire Blvd. <br> Suite 108 – 62 <br> Los Angeles, CA 90010 <br> espiritu@nilc.org <br> lessard@nilc.org <br> broder@nilc.org <br> Telephone: 213.639.3900 <br> Facsimile: 213.639.3911 <br><br> Joanna E. Cuevas Ingram (*pro hac vice*) <br> Hilda Bonilla (*pro hac vice*) <br> NATIONAL IMMIGRATION LAW CENTER <br> P.O. Box 34573 <br> Washington, DC 20043 <br> cuevasingram@nilc.org <br> bonilla@nilc.org <br> Telephone: 202.216.0261 <br> Facsimile: 202.216.0266 | Matthew S. Rozen (VA Bar No. 85871) <br> John Matthew Butler (D.C. Bar No. 1721350) <br> GIBSON, DUNN & CRUTCHER LLP <br> 1050 Connecticut Avenue, N.W., <br> Washington, D.C. 20036 <br> mrozen@gibsondunn.com <br> mbutler@gibsondunn.com <br> Telephone: 202.955.8500 <br> Facsimile: 202.467.0539 <br><br> Betty X. Yang (TX Bar No. 24088690) <br> byang@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 2001 Ross Avenue Suite 2100 <br> Dallas, Texas 75201 <br> Telephone: 214.698.3100 <br> Facsimile: 214.571.2900 |

*Attorneys for Proposed Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3rd, 2024, I filed the foregoing brief using the Court's CM/ECF system, which will send a notice of the filing to counsel for all parties.

/s/   *Matthew S. Rozen*
Matthew S. Rozen