UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **STATE OF KANSAS,** *et al.*,<br><br>                *Plaintiffs*,<br><br>        v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>                *Defendants*. | Case No. 24-cv-150-DMT-CRH |

**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE**

Three Deferred Action for Childhood Arrivals (DACA) recipients and an immigrant-rights organization (collectively, Movants) seek to intervene to defend the Centers for Medicare & Medicaid Services' final rule defining "lawfully present" for purposes of 42 U.S.C. § 18032(f)(3) and related provisions. *See* 89 Fed. Reg. 39,392 (May 8, 2024) (Final Rule). Movants seek intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, permissive intervention under Rule 24(b)(1)(B). *See* Movants' Mem. of Law in Support of Their Mot. to Intervene at 2, ECF No. 49-1 (Movants' Br.). Intervention should be denied because Movants have not shown that Defendants, the United States and CMS, cannot adequately represent their interests in defending the Final Rule.

## BACKGROUND

In April 2023, CMS requested comment on a proposed rule that, among other things, would define "lawfully present" in 42 U.S.C. § 18032(f)(3) and related provisions to include all recipients of deferred action and no longer exclude DACA recipients. *See* 88 Fed. Reg. 25,313 (Apr. 26, 2023). Movant CASA, Inc. joined other organizations in submitting multiple comments broadly supportive of the proposed rule. *See* AAPI Equity All., *et al.*, Comment on Docket No. CMS-9894-P (June 23, 2023), *available at* https://perma.cc/3AVE-C828; Nat'l

1

Imm. Law Ctr., *et al.*, Comment on Docket No. CMS-9894-P (June 23, 2023), *available at* tinyurl.com/362ce5n7. CMS finalized the rule this spring, *see* 89 Fed. Reg. at 39,392, and by its terms, starting November 1, 2024, DACA recipients will be eligible to enroll in health insurance on the Affordable Care Act exchanges and, depending on their income, potentially to obtain federal subsidies.

Three months after the Final Rule was published in the Federal Register, on August 8, Plaintiffs initiated this lawsuit, challenging the Final Rule under the Administrative Procedure Act. *See* Compl., ECF No. 1. After amending the complaint to add other States, *see* Am. Compl., ECF No. 27, the 19 Plaintiff-States moved for a stay of the Final Rule and a preliminary injunction on August 30, *see* ECF No. 35. Plaintiffs served Defendants on September 3, and the parties agreed to—and the Court endorsed—a schedule for briefing and argument on Plaintiffs' motion. *See* ECF Nos. 42-44.

On September 20, Movants filed their motion to intervene "to oppose the preliminary injunction sought by Plaintiffs and ensure the Final Rule goes into effect on November 1." Movants' Br. at 2. In addition, they have filed a motion to transfer the case, *see* ECF No. 50, an opposition to Plaintiffs' request to stay briefing on that motion and, in the alternative, a motion to expedite briefing on their motion to intervene, *see* ECF Nos. 60, 65, a proposed opposition to Plaintiffs' motion to stay the rule and a preliminary injunction, *see* ECF No. 62, and a motion for oral argument, *see* ECF No. 75.

## ARGUMENT

### I. Intervention As Of Right Should Be Denied

A movant timely seeking to intervene as of right under Rule 24(a)(2) "must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *S.D. ex rel. Barnett v. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003); *see Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997) ("The intervenor bears the burden of showing that his interests are not adequately represented by existing parties."). Ordinarily,

Movants would need to make only "a 'minimal showing that representation *may be* inadequate'" to satisfy the third condition. Movants' Br. at 15 (quoting *Kan. Pub. Emps. Ret. Sys. v. Reimer & Kroger Assocs. Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995)). However, in cases like this one, where the Department of Justice is wholeheartedly defending a federal regulation, "the bar is raised," and "the government is presumed to represent the interests" of the public in seeing the regulation upheld. *N.D. ex rel. Stenehjem v. United States*, 787 F.3d 918, 921 (8th Cir. 2015). This presumption "can be overcome only by a strong showing" that the movants' interests do not "coincide with the public interest" or that the government has "committed misfeasance or nonfeasance in protecting the public." *Id.* at 921-22. Movants have not made either showing, *see* Movants' Br. at 15-18, and intervention as a matter of right should therefore be denied.

    **A.**    Movants have not demonstrated that their interests and the federal government's interests diverge in a meaningful way. To start, neither Movants nor Defendants ask the Court to go beyond upholding the Final Rule. They share the goal of "oppos[ing] the preliminary injunction sought by Plaintiffs" and "ensur[ing] the Final Rule goes into [full] effect on November 1." Movants' Br. at 2; *see* Movants' Mem. of Law in Opp'n to Pls.' Mot. for a Stay of the Final Rule and Prelim. Inj., ECF No. 62-1 (Movants' Opp'n). While Movants previously urged CMS to adopt an earlier effective date for the Final Rule, *see* Movants' Br. at 17-18, they have not challenged or criticized the Final Rule in this litigation at all, *cf. W. Va. v. EPA*, 2023 WL 3624685, at *3 (D.N.D. Mar. 31, 2023) (finding intervenors' interests not adequately protected where their position was the rule "does not go far enough" and they had indicated a "desire to present argument supporting that position").

    Despite these shared goals, Movants assert intervention is necessary because they care only for "the direct, specific benefit they could realize from [the Final Rule]" and thus their interests are "narrower than the public interest." Movants' Br. at 17. But these benefits were a primary reason that CMS promulgated the Final Rule. *See* 89 Fed. Reg. at 39,402-06 (describing the Final Rule's positive impacts on DACA recipients' health). Movants have not

3

explained how "[t]he government's pursuit of the public interest in defending its [rule]" does not "encompass[] the [Movants'] parallel interests … in opposing" Plaintiffs' claims. *Stenehjem*, 787 F.3d at 922. And they do not suggest that the federal government "would shirk its duty were it to advance the narrower interest of [Movants]." *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 977 (8th Cir. 2014).

Nor have Movants established that the government's supposedly broader interests in defending the Final Rule will result in "conflicting legal duties." *Barnett*, 317 F.3d at 786. Movants cite three cases (at 16-17) where the government's broader interests were found to justify intervention as of right. But none of them stands for the proposition that those broader interests alone are enough to overcome the presumption of adequate representation, and the additional factors present in Movants' cited cases do not exist here. Defendants have not, for example, "agree[d] that [Movants] should be allowed to intervene" or "concede[d]" that they are "unable to adequately represent [Movants'] interests." *Am. Med. Ass'n v. Stenehjem,* 2019 WL 10920631, at *5 (D.N.D. Nov. 26, 2019) (*AMA*). Nor have Defendants taken positions directly adverse to Movants' interests. *Cf. United States v. Texas*, 805 F.3d 653, 663 (5th Cir. 2015) (noting that "[i]n order to undermine the States' standing argument, the Government [took] the position that the States may refuse to issue driver's licenses to [proposed intervenors]").

Movants have also not identified any substantive issues that Defendants have failed to raise. *Cf. Planned Parenthood Minn., N.D., S.D. v. Alpha Ctr.*, 213 F. App'x 508, 510 (8th Cir. 2007). Indeed, like Movants, Defendants have challenged the States' standing, venue, the merits of the States' two claims, the States' showing regarding the equitable factors, and the appropriate scope of any relief. *Compare* Defs.' Opp'n to Pls.' Mot. for a Stay of the Rule and Prelim. Inj., ECF No. 61, *with* Movants' Opp'n, ECF No. 62-1. Plaintiffs' mere suggestion (at 17) that Defendants may phrase statutory-interpretation arguments differently in support of the common goal of defeating Plaintiffs' claims is insufficient. *See Barnett*, 317 F.3d at 786 ("A merely theoretical risk of conflicting legal duties [is insufficient]."). So too is their

4

complaint that Defendants did not include criticism of the prior rule, which is not under review in this case. *See* Movants' Mot. for Oral Argument at 2, ECF No. 75.[1] In any event, a "difference of opinion concerning litigation strategy … does not overcome the presumption of adequate representation." *FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015); *accord SEC v. LBRY, Inc.*, 26 F.4th 96, 99-100 (1st Cir. 2022) ("A proposed intervenor's desire to present an additional argument or a variation on an argument does not establish inadequate representation."); *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (collecting cases). "If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 181 (2d Cir. 2001).

**B.** Movants have also not shown a dereliction of duty. They suggest (at 17-18) that, based on the time CMS took to finalize the rule, Defendants "may not move as expeditiously as possible" in "seeking various relief in this litigation" and that Defendants' position may change following "the impending presidential election." But Movants must offer more than conjecture to overcome the presumption of adequate representation. *See, e.g.*, *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (proposed intervenor must provide "something more than speculation as to the purported inadequacy of representation"); *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774-75 (7th Cir. 2007) (similar); *see also Chiglo*, 104 F.3d at 188 ("the proposed intervenor cannot rebut the presumption of representation by merely disagreeing with the litigation strategy or objectives of the party representing him").

---

[1] Plaintiffs assert claims under the APA, and judicial review must ultimately be based on the administrative record. *Camp v. Pitts*, 411 U.S. 138, 42 (1973); *see DHS v. Regents of Univ. of Cal.*, 591 U.S. 1, 20 (2020) ("judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action'"). Movants did not contend in their comments on the proposed rule that CMS lacked a "statutory basis for excluding DACA recipients in the first place," ECF No. 75 at 2, and CMS did not purport to base the Final Rule on such a conclusion.

Movants have not, for instance, identified any delay by Defendants that "disadvantage[s]" them in this litigation. *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 573 (8th Cir. 1998). In fact, Defendants have actively opposed Plaintiffs' efforts to halt the Final Rule from taking effect on November 1, *see* ECF No. 61, and will present argument in defense of the rule on October 15, *see* ECF No. 44. That CMS took time to review the comments it received on the proposed rule carefully before publishing the Final Rule is unchallenged in this case, and it is no indication that the government will hesitate to defend the agency's regulation going forward. Likewise, Movants have not offered evidence that shows that the government will somehow fail to act expeditiously if the Final Rule were stayed or enjoined. If offering such conjecture were sufficient, the presumption would have little bite, and neither *National Parks*, 759 F.3d at 977, nor *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.3d 994, 1001 (8th Cir. 1993), suggests otherwise. *See* Movants' Br. at 18.

Finally, if these speculative events came to pass and circumstances changed materially, nothing precludes Movants from seeking to intervene on those grounds. *Cf. United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 831-34 (8th Cir. 2010). At this point, however, Movants have not demonstrated that Defendants cannot adequately represent their interest in seeing the Final Rule take effect. The motion, at best, is premature. Intervention as of right should be denied.[2]

## II. Permissive Intervention Should Be Denied

The Court should also deny Movants' alternative request for permissive intervention. Rule 24(b)(1)(B) allows permissive intervention "where (1) the movant shows independent

---

[2] Twenty states and various non-profit organizations submitted briefs in support of Defendants' opposition to the motion for a stay and preliminary injunction. *See* Br. of New Jersey, *et al.*, ECF No. 69; Br. of Am. Cancer Soc'y, *et al.*, ECF No. 72. Defendants have no objection to Movants similarly participating as *amici* in this case to provide the Court with their "unique expertise." Movants' Br. at 19. Defendants defer to the Court on whether Movants' participation in oral argument on October 15 would be helpful and, therefore, take no position on Movants' motion for oral argument, *see* ECF No. 75.

ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1170 n.9 (8th Cir. 1995). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *Barnett*, 317 F.3d at 787. "[W]hether the United States could adequately protect [the movant's] interest" is a "relevant factor" in the analysis. *Id.* Given that Movants have failed to show that Defendants will not adequately protect their interests in this litigation, it would be appropriate to deny the request for permissive intervention. *See, e.g.*, *id.* (affirming denial of permissive intervention based on the United States providing adequate representation); Order Denying Mot. to Intervene at 10-11, *Tesoro High Plains Pipeline Co. v. United States*, No. 21-cv-90, ECF No. 67 (D.N.D. Aug. 8, 2023) (denying permissive intervention, in part, because "the United States adequately represents the Pringle Landowners' interests").

## CONCLUSION

For the foregoing reasons, the motion to intervene should be denied.

Dated: October 4, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director
Federal Programs Branch

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar No. 1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for Defendants*