IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>    Defendants. | Civil Action No. 1:24-cv-00150-DMT-CRH |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CASA, *ET AL.*, MOTION TO INTERVENE AS DEFENDANTS**

**INTRODUCTION & BACKGROUND**

Claudia Moya Lopez, Hyun Kim, Dania Quezada Torres, and CASA, Inc. (Movants) seek leave to intervene in this case based on the benefits they might receive if the Final Rule takes effect and Defendants' allegedly inadequate representation of those interests. But they do not meet the legal standard for intervention and the Court should deny their motion.

Although intervention should be "construed liberally," *National Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014), it is not meant to open the floodgates to allow anyone to intervene at any point in the litigation regardless of timeliness and adequacy of existing representation. Yet that is what Movants ask this Court to do. The Court should reject that effort as Movants have failed to meet their burden under Fed. R. Civ. P. 24(a) and should not be allowed to

1

intervene as of right. They should also be denied permissive intervention by the Court as their efforts are duplicative of Defendants'.[1]

## ARGUMENT

I. Intervention as of Right

Movants do not meet the standards for intervention as of right. Under Rule 24, an application for intervention must be timely. *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Upon timely motion, the party seeking intervention as of right must show "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *S. Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Movants' proposed intervention is untimely and the Defendants provide adequate representation of any interest they may have in this litigation.

A. Movants' intervention is untimely

"In determining timeliness, three factors that bear particular consideration are the reason for any delay by the proposed intervenor in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Union Elec. Co.*, 64 F.3d at 1159. Movants waited six

---

[1] Movants also filed a dispositive motion to dismiss/transfer the case on September 20. Dkt. 50. Had they filed this motion after being granted status as intervenors, the deadline for a response from Plaintiffs would be October 11. However, Plaintiffs have requested the Court to stay that deadline, and plan to respond to it and Movants' other motions when directed to do so by the Court. *See* Dkt. 59.

weeks after the case was filed to intervene and now seek to join in the middle of briefing on Plaintiffs' motion for a stay and preliminary injunction. It is not timely.

Movants have offered no acceptable reason for the gap between the filing of the complaint and their intervention motion. It is not as if the Complaint was the first time they heard about the Final Rule as they had been tracking it for over a year.[2] The Plaintiffs were also clear from the moment they filed their Complaint that they were seeking a stay, as they asked the court to "[p]ostpone the effective date of the Final Rule pending judicial review." (Dkt. 1 at 18). At that point, Movants were on full notice that their alleged interests might be impaired by this action. But they waited without explaining why. And they made no attempt to confer with the parties about their intervention beforehand. It appears their delay was tactical—they seek to obstruct this Court's ability to make a timely ruling on Plaintiffs' pending motion by pushing the litigation past the effective date of the Final Rule. If so, that is not a proper reason for their delay in seeking intervention.

The second factor that makes their intervention untimely is the progress of the litigation prior to their proposed intervention. *See Arkansas Elec. Energy Consumers v. Middle South Energy, Inc.*, 772 F.2d 401, 403 (8th Cir. 1985) (finding intervention untimely, despite coming only *twelve days* after the complaint "because of the expedited nature of the proceedings, a substantial amount of the litigation had been completed."); *SEIU Local 1 v. Husted*, 515 F. App'x 539, 541–43 (6th Cir. 2013) (affirming district court's untimeliness finding where, although prospective

---

[2] Movant CASA submitted comments on the proposed rule on June 23, 2023, *available at* https://www.regulations.gov/comment/CMS-2023-0068-0204.

intervenor filed motion five weeks after case began, the case was on expedited preliminary injunction schedule and the delayed intervention posed a significant risk of upsetting the expedited schedule). There is no meaningful difference between this case and those. Preliminary injunctions necessarily move at a fast pace and the Movants' burden on timeliness is higher than in a situation where no such critically important interim relief is sought. Therefore, the progress of this litigation strongly cuts against granting intervention.

      This directly leads to the third factor—Movants' proposed intervention would significantly and unfairly prejudice the Plaintiffs. Here, the parties agreed to a joint briefing schedule on September 6 that culminates in a hearing on October 15. Dkt. 44. Yet Movants chose to file their motion seeking intervention on September 20, a few days before Defendants' response was due. In addition, they are improperly demanding the court rule on a separate motion to transfer venue *before* it rules on the preliminary injunction (and before it has even ruled on the motion to intervene). (Dkt. 60). The Final Rule is scheduled to become effective only a couple weeks after the October 15 hearing. Any delay risks upsetting the status quo and impairing the Court's ability to provide effective injunctive relief should it agree with Plaintiffs that such relief is warranted. As noted above, the circumstances of the intervention indicate that Movants acted when they did *precisely* to delay any ruling past the November 1 effective date. The Court should not reward their efforts.

      In sum, Movants without justification are attempting to intervene at an advanced stage of the stay litigation but demand this court delay such proceedings

to accommodate them. Putting aside the audacity of such a demand, it is untimely under Rule 24.

> B. Defendants adequately represent Movants' interests in defending the Final Rule

Defendants are robustly and completely defending the Final Rule. And Movants do not even allege otherwise. Instead they allege that the Defendants' interest in the litigation are not identical to their own interest.

This is incorrect. Both Movants and Defendants want to defend the Final Rule in its entirety. The Defendants are not tasked, *in this litigation*, with balancing competing interests. Movants and the Defendants have a unified goal in upholding the Final Rule. Although their *motives* for wanting the Final Rule upheld may differ, that alone is not sufficient to show inadequacy of representation. "Thus, although the Movants' *motives* may be distinguishable from the [Defendants'], the Movants' and the [Defendants'] *interests* are the same: both want the [challenged rule] upheld." *Curry v. Regents of University of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999) (emphases added). The Movants conflate motives with interests when they are not the same thing. They needed to demonstrate something beyond differences in motives to demonstrate inadequacy of representation, but they failed to do so.

Movants allege only a general, theoretical inability of government to adequately represent their interests. But hypothetical differences in strategy,

considerations that may have influenced the content of the Final Rule, and potential consequences of national elections all fail to establish inadequacy of representation. Movants' hypotheticals about a divergence of interests fail to acknowledge cases that contradict their theories of inadequate representation. They show that, although "there is some authority for allowing intervention when the intervenor has a more narrow and 'parochial' interest than the sovereign," this is not always the case. *See Pete's Brewing Co. v. Whitehead*, 263 F.2d 602, 1998 WL 537399, at *2 (8th Cir. 1998) (internal citations omitted) *see also id.* ("Because the loss of business results from the deceptive marketing the statute is aimed at prohibiting, AB's interest is exactly the interest defendants seek to protect in defending the statute."); *Lumber Co., Inc. v. Federal Elec. Comm'n*, 690 F.2d 1362, 1366 (11th Cir. 1982) (where intervenor and government both shared the "same objective" and sought to "uphold the constitutionality" of a law, their interest was adequately represented); *Kane County, Utah v. U.S.*, 597 F.3d 1129, 1134 (10th Cir. 2010) (finding adequate representation when proposed intervenors and the government shared a "single objective," and required a "simple binary determination" by the court).

As with *Kane County*, this case boils down to a "simple binary determination" by the court. Movants' alleged benefits from the Final Rule will either occur in their entirety or not at all, depending on whether it takes effect. There is no question of scope or degree—the Final Rule is either lawful or not. The economic harms alleged by Movants thus present "no possibility of divergence between their position" and

6

the government's "because both take the same position in the litigation." *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 572 (8th 1998) (internal quotations omitted). The Defendants and Movants are on identical sides of that simple binary determination. Movants therefore cannot overcome the presumption of adequate representation.

II.     Permissive Intervention

Fed. R. Civ. P. 24(b)(2) allows permissive intervention at a court's discretion when the proposed intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). But even when proposed intervenors can demonstrate a shared question of law or fact, permissive intervention should be denied where the intervening party "would only be a source of repetition and delay" *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 573 (8th 1998). Movants should not be granted permissive intervention because their intervention is untimely, would result in delay, as discussed above, and would be duplicative of the Defendants' efforts.

Movants sought to present arguments in their motion to dismiss/transfer (Dkt. 50) and the proposed brief opposing a stay and preliminary injunction (Dkt. 62)[3] that are substantially the same as what the Defendants have argued in their response brief. Dkt. 61. Defendants agree. *See* Dkt. 64. Movants do not offer a single substantive argument that is not already made by Defendants. Instead, Movants offer to "help explain what it has meant for DACA recipients not to be able to access

---

[3] These briefs are also duplicative of each other, as they make substantially identical arguments about standing and venue.

7

the health insurance marketplaces." Dkt. 49-1, at 19. These extraneous considerations have no bearing on the legal questions the court must answer. Further, as discussed above, Movants cannot be accommodated as an intervenor without delaying the proceedings at a critical point. Since Movants offer only delay and repetition, the Court should exercise its discretion and deny them permission to intervene.

## CONCLUSION

For the foregoing reasons, the Court should deny Movants motion for intervention as of right, and deny their request for permissive intervention. Plaintiffs would not oppose Movants being allowed to submit an amicus brief in support of the Defendants.

Respectfully submitted,

**KRIS W. KOBACH**

**Attorney General of Kansas**

*/s/ James R. Rodriguez*
James R. Rodriguez, Kan. SC No. 29172
*Assistant Attorney General*
Abhishek S. Kambli, Kan. SC No. 29788
*Deputy Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 368-8197
Email: jay.rodriguez@ag.ks.gov
abhishek.kambli@ag.ks.gov
*Counsel for the State of Kansas*

**DREW H. WRIGLEY**
**North Dakota Attorney General**

*/s/ Philip Axt*
Philip Axt
*Solicitor General*
Office of Attorney General
600 E. Boulevard Ave Dept. 125
Bismarck, North Dakota 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov
*Counsel for the State of North Dakota*


**TIM GRIFFIN**
**Arkansas Attorney General**

*/s/Nicholas J. Bronni*
Nicholas J. Bronni
 *Solicitor General*
Dylan L. Jacobs
 *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2007
Email:
Nicholas.bronni@arkansasag.gov
*Counsel for the State of Arkansas*

**STEVE MARSHALL**
**Alabama Attorney General**

*/s/ Robert M. Overing*
Robert M. Overing*
*Deputy Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Phone: (334) 242-7300
Fax: (334) 353-8400
Email: Robert.Overing@alabamaag.gov
*Counsel for the State of Alabama*


**ASHLEY MOODY**
**Florida Attorney General**

*/s/Natalie Christmas*
Natalie Christmas
*Senior Counselor*
Florida Attorney General's Office
PL-01 The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
Fax: (850) 487-2564
Email:
Natalie.christmas@myfloridalegal.com
*Counsel for the State of Florida*

9

**RAÚL R. LABRADOR**
**Attorney General of Idaho**

*/s/ Alan Hurst*
Alan Hurst
*Solicitor General*
Matthew L. Maurer*
*Deputy Attorney General*
Office of the Attorney General
PO Box 83720,
Boise, Idaho 83720
Phone: (208) 334-2400
Email: Alan.Hurst@ag.idaho.gov
Matthew.Maurer@ag.idaho.gov
*Counsel for the State of Idaho*

**BRENNA BIRD**
**Attorney General of Iowa**

*/s/ Eric H. Wessan*
Eric H. Wessan
*Solicitor General*
Iowa Department of Justice
1305 E. Walnut Street
Des Moines, Iowa 50319
Phone: (515) 823-9117
Email: Eric.Wessan@ag.iowa.gov
*Counsel for the State of Iowa*

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ *Joshua M. Divine*
Joshua M. Divine
*Solicitor General*
Office of the Missouri Attorney General
Supreme Court Building
207 West High Street
Jefferson City, Missouri 65102
Phone: (573) 751-8870
Email: Josh.Divine@ago.mo.gov
*Counsel for the State of Missouri*

**THEODORE E. ROKITA**
**Attorney General of Indiana**

*/s/ James A. Barta*
James A. Barta
*Solicitor General*
Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
Phone: (317) 232-0709
Email: james.barta@atg.in.gov
*Counsel for the State of Indiana*

**RUSSELL COLEMAN**
**Attorney General of Kentucky**

*/s/ Zachary M. Zimmerer*
Zachary M. Zimmerer*
*Assistant Attorney General*
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Phone: (502) 696-5617
Email: Zachary.zimmerer@ky.gov
*Counsel for the Commonwealth of Kentucky*

**AUSTIN KNUDSEN**
**Attorney General of Montana**

*/s/ Peter M. Torstensen, Jr.*
Peter M. Torstensen, Jr.
*Deputy Solicitor General*
Christian B. Corrigan
*Solicitor General*
Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
Phone: (406) 444.2026
Email: peter.torstensen@mt.gov
*Counsel for the State of Montana*

10

**MICHAEL T. HILGERS**
**Attorney General of Nebraska**

*/s/ Zachary B. Pohlman*
Zachary B. Pohlman
*Assistant Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Phone: (402) 471-2682
Email: Zachary.Pohlman@Nebraska.gov
*Counsel for the State of Nebraska*

**DAVE YOST**
**Attorney General of Ohio**

*/s/ T. Elliot Gaiser*
T. Elliot Gaiser
*Ohio Solicitor General*
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Phone: (614) 466-8980
Fax: (614) 466-5087
Email: thomas.gaiser@ohioago.gov
*Counsel for the State of Ohio*

**MARTY J. JACKLEY**
**Attorney General of South Dakota**

*/s/ Clifton Katz*
Clifton Katz
*Assistant Attorney General*
Office of the Attorney General
State of South Dakota
1302 E. Hwy. 14, Suite #1
Pierre, South Dakota 57501
Phone: (605) 773-3215
Email: Clifton.katz@state.sd.us
*Counsel for the State of South Dakota*

**JOHN M. FORMELLA**
**Attorney General of New Hampshire**

*/s/ Brandon F. Chase*
Brandon F. Chase
*Assistant Attorney General*
New Hampshire Department of Justice
1 Granite Place – South
Concord, New Hampshire 03301
Phone: (603) 271-3650
Email: brandon.f.chase@doj.nh.gov
*Counsel for the State of New Hampshire*

**ALAN WILSON**
**Attorney General of South Carolina**

*/s/ Joseph D. Spate*
Joseph D. Spate
*Assistant Deputy Solicitor General*
Office of the South Carolina Attorney General
1000 Assembly Street
Columbia, South Carolina 29201
Phone: (803) 734-3371
Email: josephspate@scag.gov
*Counsel for the State of South Carolina*

**JONATHAN SKRMETTI**
**Attorney General and Reporter of Tennessee**

*/s/ Brian Daniel Mounce*
Brian Daniel Mounce
*Strategic Litigation Counsel & Assistant Solicitor General*
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Phone: 615-741-1400
Email: Brian.mounce@ag.tn.gov
*Counsel for the State of Tennessee*

| | |
|---|---|
| **KEN PAXTON**<br>**Attorney General of Texas**<br><br>Brent Webster<br>*First Assistant Attorney General*<br>Ralph Molina<br>*Deputy First Assistant Attorney General*<br>Austin Kinghorn<br>*Deputy Attorney General, Legal Strategy*<br>Ryan D. Walters<br>*Chief, Special Litigation Division*<br><br>*/s/ David Bryant*<br>David Bryant*<br>*Senior Special Counsel*<br>Munera Al-Fuhaid*<br>*Special Counsel*<br>Office of Attorney General of Texas<br>P.O. Box 12548<br>Austin, Texas 78711<br>Phone: (512) 936-1700<br>Email:<br>David.Bryant@oag.texas.gov<br>Munera.Al-Fuhaid@oag.texas.gov<br>*Counsel for the State of Texas* | **JASON S. MIYARES**<br>**Attorney General of Virginia**<br><br>*/s/ Kevin M. Gallagher*<br>Kevin M. Gallagher<br>*Principal Deputy Solicitor General*<br>Virginia Office of the Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Phone: (804) 786-2071<br>Fax: (804) 786-1991<br>Email: kgallagher@oag.state.va.us<br>*Counsel for the Commonwealth of Virginia* |

***Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of October, 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                          */s/ James R. Rodriguez*
                          James R. Rodriguez, Kan. SC No. 29172
                          *Assistant Attorney General*
                          *Counsel for the State of Kansas*