IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS *et al.*,<br><br>                    Plaintiffs,<br><br>             v.<br><br>UNITED STATES of AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>                    Defendants. | Civil Action No. 1:24-cv-00150-DMT-CRH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' EXPEDITED MOTION FOR**

**RECONSIDERATION**

On October 15, 2024, this Court issued an "Order for Supplemental Information" (ECF 87) ("Order") which requested Defendants to provide, under seal and by October 29, names and address of DACA recipients residing in North Dakota. North Dakota will use this information to establish evidence of the direct and indirect costs of those residents' continued presence in the state, and will submit that evidence by November 12.

In their expedited motion for reconsideration of the Order (ECF 90), Defendants fail to demonstrate that they merit reconsideration. Instead, they re-litigate their prior arguments about Plaintiffs' standing and misconstrue the standards for jurisdictional discovery. But reconsideration is a "special case," *Hardie v. Cotter & Co.,* 819 F.2d 181, 182 (8th Cir.1987), used to correct manifest

1

errors of law or fact, *Doctor John's, Inc. v. City of Sioux City, IA*, 456 F.Supp.2d 1074, 1076 (N.D. Iowa 2006) which Defendants cannot and do not identify. Defendants arguments boil down to disagreement with the Court's decision which does not suffice. Their request for reconsideration should be denied.

## LEGAL STANDARD

Generally, "[t]he district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *Murr Plumbing, Inc. v. Schere Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995). However, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (internal quotations omitted).

Fed. R. Civ. P. 54(b) guides the court when a party seeks reconsideration of any order that is not a final judgment. However, "[a] Rule 54(b) determination [to reconsider] should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Hardie*, 819 F.2d at 182.

"The exact standard applicable to the granting of a motion [to reconsider] under Rule 54(b)… is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b)." *Wells' Dairy, Inc. v. Travelers Indem. Co. of Illinois*, 336 F.Supp.2d 906, 909 (N.D. Iowa 2004). Rule

60(b) motions for reconsideration are granted "only upon an adequate showing of exceptional circumstances." *U.S. v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995). Accordingly, courts have reconsidered interlocutory orders when necessary to "correct any manifest errors of law or fact." *Doctor John's,* 456 F.Supp.2d at 1076.

Finally, "[a] motion to reconsider under Rule 54(b), however, may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion for which reconsideration was sought." *Roemen v. U.S.*, 343 F.R.D. 619, 624 (D.S.D. 2023).

## ARGUMENT

### I. Defendants fail to meet the standard for the extraordinary remedy of reconsideration of a prior order

Defendants do not describe any standard of review that would apply to Rule 54(b) motions for reconsideration, and instead imply that the decision is purely discretionary. That is because they cannot meet any standard that would justify reconsideration. The Order is not a "special case"—it is a routine order for jurisdictional discovery and Defendants have identified no manifest errors of law or fact which might warrant reconsideration. They do not allege that compliance with the Order would be difficult or expensive. And they have not made a showing that any exceptional circumstances or injustice applies to the Order.

In fact, the only reasons Defendants give in favor of reconsideration are that North Dakota lacks standing and failed to properly request jurisdictional discovery. But these are not errors or misapprehensions: the Order was designed to determine

3

North Dakota's standing for purposes of venue—it was not predicated on North Dakota having standing. And the Court ordered additional information from Defendants on the basis of discussion at oral argument, consistent with its unchallenged authority to do so. That is certainly not a basis for reconsideration.

## II. Defendants cannot re-argue their standing claims in a motion for reconsideration

Defendants' motion for reconsideration is predominantly a regurgitation of their argument that North Dakota lacks standing. These arguments were fully briefed (ECF 61) and argued (ECF 84). *See also* ECF 89. Yet Defendants' first statement of their argument once again asserts that North Dakota has not demonstrated standing. And they repeat their prior standing arguments so often that their 10-page motion cites their earlier brief five times.

A motion for reconsideration is not the place to repeat earlier arguments. "The district court's discretion to reconsider a non-final ruling is…'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Merry Maids, L.P., v. WWJD Enterprises, Inc.*, 2006 WL 2040245, at *1 (D. Neb. 2006), quoting *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004,* 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Defendants have not offered any reason, let alone a good one, for the Court to engage in another round of the same discussion of Plaintiffs' standing. The Parties already "battled for the court's decision," and the Court's Order was the result. There is no need to reconsider it.

## III. The Court has discretion to order Defendants to disclose information necessary to determine jurisdiction

Finally, Defendants argue that North Dakota made an "untimely and unsupported request for personally identifiable information regarding non-parties." And they cite *Johnson v. U.S.*, 543 F.3d 958, 964 (8th Cir. 2008) as evidence that plaintiffs must file affidavits and other things in order to request jurisdictional discovery. ECF 90, at 9.

But these procedures are not actually required. "Because 'there is no statutory procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'" *Johnson v. U.S.*, 543 F.3d 958, 964 (8th Cir. 2008), quoting *Land v. Dollar,* 330 U.S. 731, 735 n. 4 (1947). While a court may "look to decisions under Rule 56 for guidance in determining whether to allow discovery on jurisdictional facts," *id.* at 965, the court's procedure remains discretionary. "Moreover, in resolving claims that they lack jurisdiction, courts have acted in a fashion suggestive of 56(f): they have required that the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least *where the facts are peculiarly within the knowledge of the opposing party*." *Kamen v. American Tel & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (emphasis added).

The information requested in the Order will establish the standing of Plaintiff North Dakota. And that information is admittedly in the possession of the United States, a Defendant in this case. North Dakota already knows that has issued 12,879 driver's licenses and identification cars to non-citizens. Rehborg Decl. ¶ 6. Each card is issued at a net cost to the state of $3.97 and $10.97, respectively.

5

*Id*. at ¶ 5. And these costs may be even higher, considering the added staff costs related to administering written and road testing for the issuance of driver's licenses. *Id* at ¶ 4. With the specific information requested in the Order, North Dakota will produce exact costs to the state of issuing licenses to DACA recipients.

Moreover, Plaintiffs' request to produce information about DACA recipients residing in North Dakota came only after Defendants argued that Plaintiffs lacked standing because they had not demonstrated—using the information that only Defendants possess—particular knowledge of DACA recipients residing in North Dakota. In other words, Defendants introduced the standing arguments that prompted the Court's Order. The Court was well within its discretion in ordering Defendants to produce this jurisdictional information.

## CONCLUSION

Because Defendants have not identified any compelling reason for the Court to take the unusual step of reconsidering its Order, the Court should deny their motion.

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ James Rodriguez*
James R. Rodriguez, Kan. SC No. 29172
*Assistant Attorney General*
Abhishek S. Kambli, Kan. SC No. 29788
*Deputy Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Email: abhishek.kambli@ag.ks.gov
jay.rodriguez@ag.ks.gov
*Counsel for the State of Kansas*

**DREW H. WRIGLEY**
**North Dakota Attorney General**

*/s/ Philip Axt*
Philip Axt
*Solicitor General*
Office of Attorney General
600 E. Boulevard Ave Dept. 125
Bismarck, North Dakota 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov
*Counsel for the State of North Dakota*

**STEVE MARSHALL**
**Alabama Attorney General**

/s/ Robert M. Overing
Robert M. Overing
*Deputy Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Phone: (334) 242-7300
Fax: (334) 353-8400
Email: Robert.Overing@alabamaag.gov
*Counsel for the State of Alabama*

**TIM GRIFFIN**
**Arkansas Attorney General**

*/s/ Nicholas J. Bronni*
Nicholas J. Bronni
 *Solicitor General*
Dylan L. Jacobs
 *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR  72201
Phone: (501) 682-2007
Nicholas.bronni@arkansasag.gov
*Counsel for the State of Arkansas*

**RAÚL R. LABRADOR**
**Attorney General of Idaho**

*/s/ Alan Hurst*
Alan Hurst
*Solicitor General*
Matthew L. Maurer*
*Deputy Attorney General*
Office of the Attorney General
PO Box 83720,
Boise, Idaho 83720
Phone: (208) 334-2400
Email: Alan.Hurst@ag.idaho.gov
Matthew.Maurer@ag.idaho.gov
*Counsel for the State of Idaho*

**BRENNA BIRD**
**Attorney General of Iowa**

*/s/ Eric H. Wessan*
Eric H. Wessan
*Solicitor General*
1305 E. Walnut Street
Des Moines, Iowa 50319
Phone: (515) 823-9117
Email: Eric.Wessan@ag.iowa.gov
*Counsel for the State of Iowa*

**ASHLEY MOODY**
**Florida Attorney General**

*/s/Natalie Christmas*
Natalie Christmas
*Senior Counselor*
Florida Attorney General's Office
PL-01 The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
Fax: (850) 487-2564
Natalie.christmas@myfloridalegal.com
*Counsel for the State of Florida*

**THEODORE E. ROKITA**
**Attorney General of Indiana**

*/s/ James A. Barta*
James A. Barta
*Solicitor General*
Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
Phone: (317) 232-0709
Email: james.barta@atg.in.gov
*Counsel for the State of Indiana*

**RUSSELL COLEMAN**
**Attorney General of Kentucky**

*/s/ Zachary M. Zimmerer*
Zachary M. Zimmerer
*Assistant Attorney General*
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Phone: (502) 696-5617
Email: Zachary.zimmerer@ky.gov
*Counsel for the Commonwealth of Kentucky*

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ *Joshua M. Divine*
Joshua M. Divine
*Solicitor General*
Office of the Missouri Attorney General
Supreme Court Building
207 West High Street
Jefferson City, Missouri 65102
Phone: (573) 751-8870
Email: Josh.Divine@ago.mo.gov
*Counsel for the State of Missouri*

**MICHAEL T. HILGERS**
**Attorney General of Nebraska**

*/s/ Zachary B. Pohlman*
Zachary B. Pohlman
*Assistant Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Phone: (402) 471-2682
Email: Zachary.Pohlman@Nebraska.gov
*Counsel for the State of Nebraska*

**DAVE YOST**
**Attorney General of Ohio**

*/s/ T. Elliot Gaiser*
T. Elliot Gaiser
*Ohio Solicitor General*
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Phone: (614)466-8980
Fax: (614) 466-5087
Email: thomas.gaiser@ohioago.gov
*Counsel for the State of Ohio*

**AUSTIN KNUDSEN**
**Attorney General of Montana**

*/s/ Peter M. Torstensen, Jr.*
Peter M. Torstensen, Jr.
*Deputy Solicitor General*
Christian B. Corrigan
*Solicitor General*
Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
Phone: (406) 444.2026
Email: peter.torstensen@mt.gov
*Counsel for the State of Montana*

**JOHN M. FORMELLA**
**Attorney General of New Hampshire**

*/s/Brandon F. Chase*
Brandon F. Chase
*Assistant Attorney General*
New Hampshire Department of Justice
1 Granite Place – South
Concord, New Hampshire 03301
Phone: (603) 271-3650
Email: brandon.f.chase@doj.nh.gov
*Counsel for the State of  New Hampshire*

**ALAN WILSON**
**Attorney General of South Carolina**

*/s/ Joseph D. Spate*
Joseph D. Spate
*Assistant Deputy Solicitor General*
Office of the South Carolina Attorney General
1000 Assembly Street
Columbia, South Carolina 29201
Phone: (803) 734-3371
Email: josephspate@scag.gov
*Counsel for the State of South Carolina*

**MARTY J. JACKLEY**
**Attorney General of South Dakota**

*/s/ Clifton Katz*
Clifton Katz
*Assistant Attorney General*
Office of the Attorney General
State of South Dakota
1302 E. Hwy. 14, Suite #1
Pierre, South Dakota 57501
Phone: (605) 773-3215
Email: Clifton.katz@state.sd.us
*Counsel for the State of South Dakota*

**KEN PAXTON**
**Attorney General of Texas**

Brent Webster
*First Assistant Attorney General*
Ralph Molina
*Deputy First Assistant Attorney General*
Austin Kinghorn
*Deputy Attorney General, Legal Strategy*
Ryan D. Walters
*Chief, Special Litigation Division*

*/s/ David Bryant*
David Bryant
*Senior Special Counsel*
Munera Al-Fuhaid
*Special Counsel*
Office of Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711
Phone: (512) 936-1700
Email:
David.Bryant@oag.texas.gov
Munera.Al-Fuhaid@oag.texas.gov
*Counsel for the State of Texas*

**JONATHAN SKRMETTI**
**Attorney General and Reporter of Tennessee**

*/s/ Brian Daniel Mounce*
Brian Daniel Mounce
*Strategic Litigation Counsel & Assistant Solicitor General*
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Phone: 615-741-1400
Email: Brian.mounce@ag.tn.gov
*Counsel for the State of Tennessee*

**JASON S. MIYARES**
**Attorney General of Virginia**

*/s/ Kevin M. Gallagher*
Kevin M. Gallagher
*Principal Deputy Solicitor General*
Virginia Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Phone: (804) 786-2071
Fax: (804) 786-1991
Email: kgallagher@oag.state.va.us
*Counsel for the Commonwealth of Virginia*

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of October, 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      */s/ James R. Rodriguez*
James R. Rodriguez, Kan. SC No. 29172
*Assistant Attorney General*
*Counsel for the State of Kansas*