IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of Kansas et al., <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America et al., <br><br> Defendants. | Case No. 1:24-cv-00150 |

**ORDER DENYING MOTION FOR RECONSIDERATION**

[¶ 1]   THIS MATTER comes before the Court upon a Motion for Reconsideration filed by the United States of America and the Centers for Medicare & Medicaid Services ("Defendants") on October 24, 2024. Doc. No 90. Plaintiff States filed a Response on October 25, 2024. Doc. No. 93. Defendants filed a Reply on October 26, 2024. Doc. No. 96.

[¶ 2]   In their Motion, Defendants ask the Court to reconsider its prior order directing Defendants to provide North Dakota with the names and addresses of the 130 DACA recipients in North Dakota for the sole purpose of establishing venue. Doc. No. 87. They argue jurisdictional discovery is not warranted, the discovery will not solve North Dakota's standing issues, and proper procedure was not followed in requesting jurisdictional discovery. Further, the Defendants ask the Court to amend its prior Order to preclude North Dakota from using the names and addresses to identify DACA recipient dependents should this Motion be denied.

[¶ 3]   "There is no statutory procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008) (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)). Trial courts have "wide discretion to allow affidavits,

1

other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." Id.[1] While this Court has previously ruled "[p]laintiff's counsel should investigate [jurisdiction] *before* lodging a Complaint," Ricker v. Cretex Companies, Inc., No. 1:20-CV-00153, 2021 WL 5083740, at *5 (D.N.D. Jan. 28, 2021), the Court finds the facts and circumstances of this case warrants the disclosure of the information. Details of North Dakota's injuries will help the Court determine if venue is proper in this district.

[¶ 4]   Therefore, the Court **DENIES** Defendants' Motion for Reconsideration. Doc. No. 90.[2] However, the Court will **AMEND** its prior Order (Doc. No. 87) to:

- Per the parties agreement (Doc. No. 90, p. 8 n.4) prevent the disclosure of the two DACA recipients protected under 8 U.S.C. § 1367(a)(2), and
- Direct the parties to work together on a protective order regarding the production of the information. See Doc. No. 90, p.4 n.2.

[¶ 5]   **IT IS SO ORDERED.**[3]

DATED October 28, 2024.

Daniel M. Traynor, District Judge
United States District Court

---

[1] The cited authority pertains to a Rule 12(b)(1) challenge and the Court finds it applicable to these circumstances.

[2] The Motion to Expediate (Doc. No. 94) was already addressed by the Court in Doc. No. 91. Therefore, the Motion to Expediate is **MOOT**.

[3] The deadline established by the Court in Doc. No. 87 will remain unless a Motion for Extension of Time is filed for the Court's consideration. Therefore, the remaining 128 DACA recipient's names and addresses must be disclosed to North Dakota Attorney General Drew Wrigley by October 29, 2024, at 5:00 p.m. central time.