UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| STATE OF KANSAS, STATE OF NORTH DAKOTA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Case No. 24-cv-150-DMT-CRH |

**STIPULATED PROTECTIVE ORDER**

WHEREFORE, the Attorney General of North Dakota has requested identifying information regarding Deferred Action for Childhood Arrivals (DACA) recipients that is maintained in a system of records by U.S. Citizenship and Immigration Services (USCIS), a federal agency within the Department of Homeland Security (DHS), and has not obtained the prior written consent of those individuals; and

WHEREFORE, this Court has ordered Defendants to provide the names and addresses of DACA recipients in North Dakota to the Attorney General of North Dakota for the purpose of resolving disputes regarding standing and venue for this litigation; and

WHEREFORE, the information that North Dakota requested, and which this Court has ordered to be produced, is treated by DHS as sensitive information protected by the Privacy Act, 5 U.S.C. § 552a; and

WHEREFORE, such identifying information is Personally Identifiable Information (PII), as defined by the DHS Handbook for Safeguarding Sensitive Personally Identifiable Information at 6 (Dec. 4, 2017), https://perma.cc/FRL4-HHEN, that if "lost, compromised,

or disclosed without authorization," "could result in substantial harm, embarrassment, inconvenience, or unfairness to an individual," *id.*;

IT IS HEREBY STIPULATED AND AGREED by North Dakota and the United States, through undersigned counsel, and ordered by this Court, that:

1. **Purpose:** This Order governs the use and disclosure of certain information provided to North Dakota in the course of the proceedings in this case and sets forth the mandatory procedures for persons who receive or review documents or information covered by this Order.

2. **Definitions:**
    a. **"North Dakota DACA Recipients":** The term North Dakota DACA Recipients means those approximately 130 individuals whose address listed on their most recently approved DACA request is in North Dakota and who are active DACA recipients, as of October 17, 2024, excluding three individuals whose information is protected from disclosure by 8 U.S.C. § 1367(a)(2).
    b. **"Covered Information":** The term Covered Information means the North Dakota DACA Recipients' names and addresses.
    c. **"Covered Documents":** The term Covered Documents means any documents that contain Covered Information.
    d. **"Counsel for North Dakota":** The term Counsel for North Dakota means the Attorney General for North Dakota, Drew Wrigley, and attorneys in the Office of the Attorney General for North Dakota who are participating in this litigation and have signed the Acknowledgment of Protective Order attached to this Order.

3. **Disclosure to Counsel for North Dakota:** DHS and USCIS and their counsel were ordered by this Court to release Covered Information and/or Covered Documents to Counsel for North Dakota. In doing so, DHS and USCIS shall mark Covered

Information and Covered Documents with "SUBJECT TO PROTECTIVE ORDER" or a similar designation.

4. **Persons To Whom Counsel For North Dakota May Disclose Covered Information or Covered Documents:** Counsel for North Dakota must not disclose Covered Information or Covered Documents to anyone, other than:

   a. The Court and its personnel, to the extent requested or ordered by the Court, subject to the provisions of Paragraph 9 below;

   b. The Defendants and their counsel, subject to this Order;

   c. Persons regularly in the employ of Counsel for North Dakota who are required to review the Covered Information or Covered Documents in the performance of their duties in this case (and any appeals), solely for the purposes outlined in, and subject to, this Order. Counsel for North Dakota shall limit the number of individuals to whom such information is disclosed to as few as possible required to carry out the Court's order; or

   d. Persons in the employ of the North Dakota Department of Transportation, the North Dakota Department of Public Instruction, or North Dakota public-school districts, who may review the Covered Documents or Covered Information solely to: (1) identify the number of DACA recipients who have obtained driver's licenses, identification cards, or other State-issued credentials; and (2) identify the number of DACA recipients (or their dependents) in the North Dakota public education system. Counsel for North Dakota shall limit the number of individuals to whom such information is disclosed to as few as possible required to carry out the Court's order.  Those with access to the Covered Information under this section will ensure that any Personally Identifiable Information used to conduct searches in North Dakota data systems shall not be retained in those systems and that no notation identifying any individual as a DACA recipient shall be retained.

5. **Procedures For Disclosure By Counsel For North Dakota:** Any person described in paragraph 4(c) or 4(d) above to whom Counsel for North Dakota wish to make a disclosure must, before disclosure, be required to read the terms of this Order and sign the Acknowledgment of Protective Order attached to this Order. Counsel for North Dakota must maintain a log of all individuals (including position and agency) to whom the information is disclosed, and retain all signed Acknowledgments for the pendency of this case (including any appeals). Any person who receives disclosures under paragraph 4(d) may not disclose the Covered Information or Covered Documents to anyone else. Covered Information or Covered Documents provided to Persons described in paragraph 4(d) must be destroyed or returned to Counsel for North Dakota, as soon as the agency or school district's evaluation of costs is complete.

6. **Permissible Uses:** Counsel for North Dakota, and persons to whom disclosures are permissibly made under paragraph 4(c) and 4(d), may use Covered Information and Covered Documents only for the purposes of establishing whether the North Dakota DACA Recipients: (1) have obtained North Dakota driver's licenses, identification cards, or other State-issued credentials; and (2) whether they (or their dependents) are enrolled in the North Dakota public education system. No one who obtains Covered Information and Covered Documents shall use such Information to retaliate against, intimidate, report or refer an individual to any governmental authorities, discriminate against any individual in any manner, or harass any other party or individual whose information is disclosed, their relatives, including domestic partners, or any individuals associated with them in any way.

7. **Safekeeping:** Except as provided in paragraph 4, Counsel for North Dakota must keep all Covered Information and Covered Documents within their exclusive possession and must place and maintain such material in a secure area. Further, Counsel for North Dakota and persons to whom disclosures are permissibly made under paragraph 4 must:

   a. safeguard the security, confidentiality, and integrity of the Covered Information and Covered Documents and the systems on which such Information and Documents are stored, processed, and transmitted; and

   b. report any actual or suspected breach of this Order (e.g., loss of control, compromise, unauthorized disclosure, access for an unauthorized purpose, or other unauthorized access, whether physical or electronic) immediately, and in no event later than one day after discovery of the breach, to Defendants; and

   c. inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and request that such person or persons execute the Acknowledgment of Protective Order.

8. **Return Of Material At End Of Litigation:** Within 30 days of the termination of this case (including any appeals), Counsel for North Dakota must return to Defendants, or destroy, all Covered Information and Covered Documents and must certify to Defendants that all such Covered Information and Covered Documents have been returned or destroyed.

9. **Filings With The Court:** The portions of any filings made with the Court that include Covered Information or Covered Documents or personally identifiable information derived therefrom, such as dependents' names or birthdates, must be filed under seal. No Covered Information or Covered Documents shall be used at any hearing, trial, or appellate proceedings in this action, except as it relates to evaluating whether North Dakota has standing or whether venue is proper in the District for North Dakota. To the extent practicable, all reasonable efforts should be made to anonymize the use of any Covered Information. Where Covered Information or Covered Documents or personally identifiable information derived therefrom, such as dependents' names or birthdates, are used in any court proceeding in this action, the appropriate portion of the transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the

confidentiality of the Covered Information or Covered Documents. For purposes of clarity, any information derived from the Covered Information that pertains to public costs that are incurred by the State of North Dakota due to the North Dakota DACA recipients, but which does not identify any North Dakota DACA recipient by name, address, or other personally identifying information, does not need to be filed under seal.

10. **Failure To Designate:** An inadvertent failure to designate released materials as Covered Information or Covered Documents does not waive Defendants' right to designate, within a reasonable time of learning of the inadvertent failure, the materials as such.

11. **Miscellaneous:** Agreement to this Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents, shall not affect the right of any party to seek additional protection against the disclosure of documents or materials, shall not be construed as a waiver by any party of their right to seek a subsequent protective order permitting the use of such Covered Information or Covered Documents in the underlying merits of this action, and shall not be construed to require the production of any further discovery by Defendants.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2024.

                                           */s/ Clare R. Hochhalter*
                                           Clare R. Hochhalter, Magistrate Judge
                                           United States District Court

**Stipulated and Agreed to by Counsel for the Parties:**

DREW H. WRIGLEY
North Dakota Attorney General

/s/ *Philip Axt*
Philip Axt
Solicitor General
Office of Attorney General
600 E. Boulevard Ave Dept. 125
Bismarck, North Dakota 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov

*Counsel for the State of North Dakota*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director
Federal Programs Branch

/s/ *Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar 1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for Defendants*

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

Acknowledgment and Agreement to be Bound:

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of North Dakota in the case of *Kansas v. United States*, No. 24-cv-150. I agree to comply with and to be bound by the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is the subject of this Stipulated Protective Order to any person or entity, except in strict compliance with the provisions of this Order.

Date:_____

City and State where sworn and signed: _____

Signed name: _____

Title/position: _____

Name of agency: _____