UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **STATE OF KANSAS, STATE OF NORTH DAKOTA,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>*Defendants*. | Case No. 1:24-cv-00150-DMT-CRH |

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

Defendants hereby move to dismiss all claims brought by Plaintiffs because the Court lacks jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), venue is improper, *see* Fed. R. Civ. P. 12(b)(3), and the States have failed to state a claim, *see* Fed. R. Civ. P. 12(b)(6). In the alternative, Defendants move to transfer this case to the District of Columbia or the District of Maryland, where venue would be proper.

The grounds for this motion were previously set forth in Defendants' opposition to the motion for a stay of the final rule and preliminary injunction, ECF No. 61 (Opp'n), motion for reconsideration, ECF No. 90 (Mot.), reply in support of the motion for reconsideration, ECF No. 96 (Reply), and opposition to the motion for a temporary restraining order, ECF No. 107 (TRO Opp'n), which Defendants respectfully incorporate by reference to avoid burdening the Court with repetitive briefing. Specifically, Defendants showed that North Dakota and the other States lack standing based on incidental effects on social-services spending because any such harms are not cognizable, *see* Opp'n at 10-11; Mot. at 5 & n.3; TRO Opp'n at 2, speculative, *see* Opp'n at 11-14; Mot. at 5-9; Reply at 2-3; TRO Opp'n at 2-6, and not causally related to the Final Rule or redressable by the requested relief, *see* Opp'n at 14-15; Mot. at 8-9; TRO Opp'n at 2-6. Defendants also established that Kentucky, Idaho,

and Virginia lack standing based on their claim that the Final Rule imposes costs on their running of State-based Exchanges. *See* Opp'n at 16-19; TRO Opp'n at 5-6. Regardless of whether the Court reaches these three States' alternative theories of standing, because North Dakota lacks standing, venue is improper in this district under 28 U.S.C. § 1391(e)(1)(C) since no other plaintiff resides in North Dakota. *See* Opp'n at 20 & n.9; *see also In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (noting that "disposition of [a] motion [to transfer] should … take[] a top priority in the handling of [a] case"). The case should thus at a minimum be dismissed or transferred to an appropriate district under 28 U.S.C. § 1406(a). *See* Opp'n at 20 & n.9. But even if the Court reaches the merits of Plaintiffs' claims, the motion should still be granted because they have failed to state a claim under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C). *See* Opp'n at 21-27.

For these reasons, and those stated in opposition to the motion for a stay of the final rule and preliminary injunction, ECF No. 61, the motion for reconsideration, ECF No. 90, the reply in support of the motion for reconsideration, ECF No. 96, the opposition to the motion for a temporary restraining order, ECF No. 107, the Court should dismiss the amended complaint or, in the alternative, dismiss North Dakota and transfer the case to an appropriate district.

Dated: November 4, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director
Federal Programs Branch

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar No. 1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for Defendants*