UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:24-cv-00150-DMT-CRH |

**PROPOSED DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

On August 30, 2024, Plaintiffs filed a motion for a preliminary injunction enjoining operation of the Final Rule that permits DACA recipients to purchase health insurance through the Affordable Care Act marketplaces. ECF No. 35. More than two months later, on November 1, 2024, Plaintiffs filed a new motion asking this Court to grant the same relief through a temporary restraining order ("TRO") "if the Court is not yet prepared to rule on Plaintiffs' motion for a preliminary injunction/stay." ECF No. 105 ("Mot.") at 1. Proposed Defendant-Intervenors Claudia Moya Lopez, Hyun Kim, Dania Quezada Torres, and CASA Inc. ("Proposed Intervenors") and the government have already explained why a preliminary injunction is not warranted, *see* ECF Nos. 61, 62-1, and why the additional information submitted by Plaintiffs on October 31, 2024, *see* ECF No. 103, does not alter that conclusion, *see* ECF Nos. 90, 96, 97-1, 107. And the government has explained why those same considerations preclude issuances of a TRO. *See* ECF No. 107. Proposed Intervenors write separately to offer additional reasons why a TRO is particularly inappropriate in the circumstances of this case.

1

Contrary to Plaintiffs' request, this Court cannot issue a TRO if it "is not yet prepared to rule on Plaintiffs' motion for a preliminary injunction/stay." Mot. at 1. "In the Eighth Circuit, the same standards are applied to a request for a preliminary injunction as to a request for a temporary restraining order." *Frazier v. Kelley*, 460 F. Supp. 3d 799, 828 (E.D. Ark. 2020); *see, e.g.*, *Romantix-Fargo, Inc. v. City of Fargo*, 2022 WL 17848931, at *2 (D.N.D. Dec. 22, 2022) (applying same standard). Accordingly, if the Court is not prepared to hold that a preliminary injunction is warranted, it cannot justify a TRO either.

Rather than altering the substantive standard for preliminary relief, a TRO is merely a *procedural* device "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11 Wright & Miller, *Federal Practice and Procedure*, § 2951 (3d ed. 2024). The main reason to seek a TRO, in other words, is to dispense with the usual requirement of a "hearing"—and in limited circumstances, to dispense with "notice to the adverse party," Fed. R. Civ. P. 65(b)—where a party "needs relief more quickly than the timetable for resolving a preliminary injunction would allow," *Gruendl v. Wells Fargo Bank, N.A.*, 2012 WL 1181744, at *1 (W.D. Wash. Apr. 9, 2012). A TRO should thus last "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Now that the preliminary injunction motion here is fully briefed and this Court has already held a hearing, therefore, a TRO is "no longer" an option. *Id.*

Plaintiffs do not point to any new facts or any unforeseeable developments showing that circumstances have changed so drastically such that Plaintiffs need expedited intervention from this Court. They have "provide[d] no update of the proceedings and no support for the imminent loss of anything," and "lack of that supporting information is itself a sufficient reason to deny" the

2

TRO where Plaintiffs have "*already* filed a motion for preliminary injunction." *Kelley v. California*, 2018 WL 4334616, at *2 (N.D. Cal. Sept. 11, 2018) (emphasis in original). Courts thus regularly deny similar requests for a TRO where the moving party has "already filed a Motion for Preliminary Injunction." *E.g.*, *Hamman v. Univ. of Cent. Fla. Bd. of Tr.*, 2021 WL 2828237, at *1 (M.D. Fla. Apr. 28, 2021). This Court should do the same here.

Even setting these considerations aside, moreover, Plaintiffs fail to establish the urgency necessary to justify the extraordinary remedy they request. *See* ECF No. 107 at 1, 4, 7. To the contrary, any urgency is entirely of the Plaintiffs' own making. Only ***after*** CMS published the Final Rule, ***after*** states (including Plaintiffs) took measures to implement it, ***after*** waiting months to file their lawsuit, ***after*** filing a motion for a preliminary injunction, ***after*** the hearing on that motion, and ***after*** the Final Rule took effect, did Plaintiffs *finally* move for a TRO. Plaintiffs neither asked this Court to rule by a particular date nor objected to the schedule this Court established in connection with Plaintiffs' eleventh-hour discovery request, which contemplated filings as late as November 12, 2024. This Court should not reward Plaintiffs for sitting on their hands by entertaining this last-minute effort to block the Final Rule.

By this point, Plaintiffs have made their basic strategy in this lawsuit painfully obvious: delay action to make their adversaries scramble and to hasten decisions from this Court to grant extraordinary forms of relief in a case involving huge stakes and complex issues of statutory interpretation. Time and again, Plaintiffs have waited until the last minute to seek judicial intervention. Any alleged exigency warranting relief in the form of a TRO is entirely the result of the Plaintiffs' gamesmanship, and this alone warrants denial of their TRO motion. *See Eberhardt v. Vill. of Tinley Park*, 2021 WL 4340530, at *2 (N.D. Ill. Mar. 2, 2021) (denying a TRO because, in part, the delay in bringing the motion raised the question of "whether any emergency was in

part created [by] Plaintiff"); *LFG Nat'l Cap., LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L.*, 2011 WL 8317908, at *2 (C.D. Cal. June 14, 2011) (denying a TRO where the applicants' "lengthy delay in bringing th[e] case or seeking a preliminary injunction impl[ied] 'a lack of urgency and irreparable harm'" and suggested that the applicant was "at fault for creating the 'crisis' that allegedly warrants" a TRO).

Plaintiffs' attempt to game their way to a ruling on the preliminary injunction is particularly inappropriate in light of their questionable new evidence related to standing and venue. ECF 103. Except in the narrow context of this TRO, Defendants and Proposed-Intervenors have not had an opportunity to respond to Plaintiffs' October 31, 2024 submission. Proposed-Intervenors agree with Defendants that the October 31 submission fails to establish North Dakota's standing because it provides no basis for thinking any DACA recipients in the State would have left absent the Final Rule. ECF No. 107 at 2-3. But, if the Court finds North Dakota's submissions on this front plausible, it should permit the government and Proposed Intervenors jurisdictional discovery to assess the accuracy of the numbers.[1] Plaintiffs cannot complain that this discovery will delay relief when any such delay is their own fault, since they waited to request discovery until the October 15 hearing on their preliminary injunction, Tr. at 16:19-21, even though they should have anticipated the need to prove standing from the moment they filed their belated preliminary injunction motion.

The Court should thus deny Plaintiffs' motion for a temporary restraining order.

---

[1] If this Court permits limited discovery into North Dakota's standing, Proposed Intervenors should accordingly be granted limited intervention to participate in that discovery. Specifically, Proposed Intervenors should have an opportunity to depose North Dakota's declarants, *see* ECF Nos. 103-1 & 103-2, and to investigate the hard numbers regarding costs of licenses. "Limited intervention is particularly appropriate in fact-specific situations such as this one, where the case is complicated," "implicates the public interest," and there is a significant interest in "getting all interested parties to the table." *U.S. v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013). And here, limited intervention would give Proposed Intervenors an opportunity to participate on the narrow, threshold question of venue while leaving the larger question of whether Proposed Intervenors may participate in the rest of the litigation to the appropriate court after the proper venue has been determined.

Date: November 5, 2024                                  Respectfully submitted,

/s/  *Matthew S. Rozen*

Nicholas Espiritu (*pro hac vice*)                      Matthew S. Rozen (VA Bar No. 85871)
Gabrielle Lessard (*pro hac vice*)                      John Matthew Butler (D.C. Bar No. 1721350)
Tanya Broder (*pro hac vice*)
NATIONAL IMMIGRATION LAW                                GIBSON, DUNN & CRUTCHER LLP
CENTER                                                  1050 Connecticut Avenue, N.W.,
3450 Wilshire Blvd.                                     Washington, D.C. 20036
Suite 108 – 62                                          mrozen@gibsondunn.com
Los Angeles, CA 90010                                   mbutler@gibsondunn.com
espiritu@nilc.org                                       Telephone: 202.955.8500
Lessard@nilc.org                                        Facsimile: 202.467.0539
broder@nilc.org
Telephone: 213.639.3900                                 Betty X. Yang (TX Bar No. 24088690)
Facsimile: 213.639.3911                                 GIBSON, DUNN & CRUTCHER LLP
                                                        2001 Ross Avenue Suite 2100
Joanna E. Cuevas Ingram (*pro hac vice*)                Dallas, Texas 75201
Hilda Bonilla (*pro hac vice*)                          byang@gibsondunn.com
NATIONAL IMMIGRATION LAW                                Telephone: 214.698.3100
CENTER                                                  Facsimile: 214.571.2900
P.O. Box 34573
Washington, DC 20043
cuevasingram@nilc.org
bonilla@nilc.org
Telephone: 202.216.0261
Facsimile: 202.216.0266

*Attorneys for Proposed Intervenors*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2024, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of the filing to counsel for all parties.

                                                /s/  *Matthew S. Rozen*
                                                Matthew S. Rozen