UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **STATE OF KANSAS, STATE OF NORTH DAKOTA,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>*Defendants.* | Case No. 1:24-cv-00150-DMT-CRH |

**DEFENDANTS' RESPONSE TO NORTH DAKOTA'S SUPPLEMENTAL NOTICE**

In its latest submission in response to the Court's order for supplemental information, North Dakota asserts that, while it "is not able to provide specific numbers" at this time, "at least one of the 126 DACA recipients" in North Dakota "is either enrolled in the State's public education system or has dependents so enrolled" at an annual cost to the State of $14,345.87 per student. Pls.' Resp. at 2-3, ECF No. 111 (citing Decl. of Tracy Korsmo ¶¶ 5-6, ECF No. 111-1). The State has failed to cure the defects in its prior filings and establish its standing.

As an initial matter, neither North Dakota nor its declarant provides any evidence that any individual—much less the particular "one" adverted to in its filing—would leave North Dakota but for the Final Rule. *See, e.g.*, Opp'n to Mot. for Stay at 11-13, ECF No. 61; Opp'n to TRO at 2-3, ECF No. 107; Mot. to Dismiss at 1, ECF No. 108. That alone is fatal to North Dakota's indirect-costs theory of standing. *See, e.g.*, *California v. Texas*, 593 U.S. 659, 675 (2021); *Texas v. Mayorkas*, 2024 WL 4355197, at *4 (S.D. Tex. Sept. 30, 2024); *Texas v. DHS*, 2024 WL 1020168, at *15-16 (S.D. Tex. Mar. 8, 2024).

The State and its declarant have also not provided any foundation for the claim that at least one DACA recipient or dependent is enrolled in public school, or even specified whether this person is a DACA recipient or instead a dependent of a DACA recipient.

Questions of methodology aside, if the supposed person is a DACA recipient, North Dakota has not explained how granting someone at least 22 years old an exception to the ordinary age cap on attending public school is consistent with state law, *see* N.D. Cent. Code § 15.1-06-01(1)(c), and not a self-inflicted injury. *See* Mot. for Reconsideration at 7, ECF No. 90; *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976). If the supposed person is a U.S.-born dependent, *i.e.*, an American citizen, North Dakota has not provided any evidence to fill in the many gaps in the chain of causation. *See, e.g.*, Mot. for Reconsideration at 8; Reply in Support of Mot. for Reconsideration at 1-2, ECF No. 96; Opp'n to TRO at 6-7.

Finally, North Dakota has not addressed any of the questions raised by its claim that it costs the State over $14,000 each year to educate each student. Pls.' Resp. at 3. Among other things, its own documents contradict its claim by suggesting that the State's revenue exceeds its costs on a per-student basis. *See* Opp'n to TRO at 6. And North Dakota has made no showing that it would actually save money if any DACA recipient or their dependent departed the State. Without such evidence, the State has not carried its burden.

For these reasons, and those previously stated in the opposition to the motion for a stay of the final rule and preliminary injunction, ECF No. 61, the motion for reconsideration, ECF No. 90, the reply in support of the motion for reconsideration, ECF No. 96, the opposition to the motion for a temporary restraining order, ECF No. 107, and the motion to dismiss, ECF No. 108, the amended complaint should be dismissed or, in the alternative, North Dakota should be dismissed and the case should be transferred to an appropriate venue.

Dated: November 14, 2024                    Respectfully submitted,

                                                     BRIAN M. BOYNTON
                                                   Principal Deputy Assistant Attorney General

                                                   ERIC B. BECKENHAUER
                                                   Assistant Branch Director
                                                   Federal Programs Branch

                                                 */s/ Christopher A. Eiswerth*
                                                 Christopher A. Eiswerth (D.C. Bar No. 1029490)
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street, NW
                                                 Washington, DC 20005
                                                 Tel: (202) 305-0568
                                                 Email: christopher.a.eiswerth@usdoj.gov

                                                 *Counsel for Defendants*