IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| The State of KANSAS, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>UNITED STATES of AMERICA and the CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>      Defendants. | Civil Action No. 1:24-cv-00150-DMT-CRH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

In their latest motion to dismiss Plaintiffs' claims, Defendants repeat the arguments they have already submitted to the Court in their opposition to Plaintiffs' motion for a stay and preliminary injunction (ECF 61), motion for reconsideration of the Court's request for supplemental information (ECF 90 & 96), and opposition to Plaintiffs' motion for a temporary restraining order (ECF 107). They move to dismiss the case under Federal Rule 12(b)(1) as they claim Plaintiffs lack standing, as well as under Rule 12(b)(3), for improper venue, and under Rule 12(b)(6), for failure to state a claim. In the alternative, if the Court finds some Plaintiffs have standing, but not North Dakota, Defendants request a transfer to another district.

Defendants' motion should be denied. All Plaintiffs, including North Dakota, have standing, and venue is therefore proper in this district.

**ARGUMENT**

  **I.  All Plaintiffs have standing**

As the party invoking jurisdiction, Plaintiffs have the burden to prove standing by a preponderance of evidence. *See Moss v. United States*, 895 F.2d 1091, 1097 (8th Cir. 2018). Plaintiffs

fully explained in their motion for a stay and preliminary injunction (ECF 35), reply (ECF 81), and in oral argument (ECF 84) that each Plaintiff State has standing in this case and that venue is therefore proper in this district. And at the Court's request, Plaintiff North Dakota submitted supplemental information further detailing the harms it would suffer as a result of Defendants' Final Rule. ECF 103 & 111. And Plaintiffs further elaborated on standing in their motion for a temporary restraining order. ECF 105. These filings are incorporated by reference, to avoid repetitive briefing.

Plaintiffs established that all Plaintiff States have standing in this case. Kentucky, Idaho, and Virginia operate their own Affordable Care Act exchanges and will incur expenses processing applications, updating eligibility systems, and providing customer service for newly eligible DACA recipients. *See* ECF 35 at 15-16; ECF 81 at 1-4. A declaration by Adam Meier provided additional evidence of these costs, beyond what appears in the administrative record. *See* Meier Decl. ECF 35-2. And the Final Rule itself acknowledges these costs. *See* 89 Fed. Reg. at 39,424.

The remaining Plaintiff States have standing due to the costs they will incur to provide social services, including drivers' licenses and public education, to DACA recipients and their dependents who choose to continue to reside in the States, rather than emigrating, because they receive valuable benefits under the Final Rule. *See* ECF 35 at 16-18; ECF 81 at 5-8. Evidence of these costs to the States was also provided in a declaration by immigration expert Steven Camarota. *See* ECF 35-1. And once Defendants identified the DACA recipients residing in North Dakota, Plaintiffs submitted detailed information about the costs to North Dakota of providing drivers' licenses and public education to DACA recipients and their dependents. *See* ECF 103 & 111.

Plaintiffs have established standing for each State in this case. Defendants' motion to dismiss under Rule 12(b)(1) should therefore be denied.

II.   **Venue is proper in this district**

When a federal agency is a defendant, venue is proper in any district in which a Plaintiff resides. 28 U.S.C. § 1391 (e)(1). As discussed above, including in ECF 35 and ECF 81, incorporated by reference, Plaintiff North Dakota has standing and resides in this district. Additionally, when one plaintiff has standing, that is sufficient to establish the Court's jurisdiction. *See Nebraska v. Biden*, 143 S.Ct. 2355, 2365 (2023). Therefore, venue is proper in the District of North Dakota.

Defendants' motion to dismiss under Rule 12(b)(3), or alternatively to transfer the case to another district, should be denied.

III.   **Defendants do not meet the standard for 12(b)(6) dismissal**

Fed. R. Civ. P. 12(b)(6) requires dismissal when a party has failed to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009) (internal quotations omitted). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ulrich v. Pope County*, 715 F. 3d 1054, 1058 (11th Cir. 2013).

In their complaint, Plaintiffs assert legally cognizable claims on which relief can be granted. Further, Plaintiffs have argued, in their motion for a stay and preliminary injunction (ECF 35), and their reply (ECF 81), that they are likely to succeed on the merits of their claim that the Final Rule violates the APA because it is not in accordance with law and is arbitrary and capricious. The reasoning in those filings, incorporated by reference, which supports

Plaintiffs' claim that they are likely to succeed on the merits also supports a finding that Plaintiffs have stated claims on which relief can be granted. Dismissal under Rule 12(b)(6) is therefore not appropriate.

Defendants have not actually made any argument in favor of a dismissal under Fed. R. Civ. P. 12(b)(6). They point to ECF 61 at 21-27—their opposition to Plaintiffs' motion for a stay and preliminary injunction—as support for their argument that Plaintiffs have failed to state a claim, but their opposition did not refer to the standards for 12(b)(6) dismissal and fails to set out any justification for dismissal under the appropriate standard. Instead, Defendants argued only that Plaintiffs were not likely to succeed on the merits for purposes of a stay and preliminary injunction. Even if the Court accepted that argument, it does not follow that Plaintiffs have failed to state a claim under any set of facts, as required for dismissal under Rule 12(b)(6). Their motion to dismiss should be denied accordingly.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to deny Defendants' motion to dismiss on all grounds, and deny Defendants' motion to transfer.

Respectfully submitted,

KRIS W. KOBACH
**Attorney General of Kansas**

*/s/ James R. Rodriguez*
James R. Rodriguez, Kan. SC No. 29172
*Assistant Attorney General*
Abhishek S. Kambli, Kan. SC No. 29788
*Deputy Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Email: jay.rodriguez@ag.ks.gov
abhishek.kambli@ag.ks.gov
*Counsel for the State of Kansas*

| | |
|---|---|
| **DREW H. WRIGLEY**<br>**North Dakota Attorney General**<br><br>*/s/ Philip Axt*<br>Philip Axt<br>*Solicitor General*<br>Office of Attorney General<br>600 E. Boulevard Ave Dept. 125<br>Bismarck, North Dakota 58505<br>Phone: (701) 328-2210<br>Email: pjaxt@nd.gov<br>*Counsel for the State of North Dakota* | **STEVE MARSHALL**<br>**Alabama Attorney General**<br><br>/s/ *Robert M. Overing*<br>Robert M. Overing<br>*Deputy Solicitor General*<br>Office of the Attorney General<br>State of Alabama<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, Alabama 36130-0152<br>Phone: (334) 242-7300<br>Fax: (334) 353-8400<br>Email: Robert.Overing@alabamaag.gov<br>*Counsel for the State of Alabama* |
| **TIM GRIFFIN**<br>**Arkansas Attorney General**<br><br>*/s/ Nicholas J. Bronni*<br>Nicholas J. Bronni<br> *Solicitor General*<br>Dylan L. Jacobs<br> *Deputy Solicitor General*<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR  72201<br>Phone: (501) 682-2007<br>Email: Nicholas.bronni@arkansasag.gov<br>*Counsel for the State of Arkansas* | **ASHLEY MOODY**<br>**Florida Attorney General**<br><br>*/s/ Natalie Christmas*<br>Natalie Christmas<br>*Senior Counselor*<br>Florida Attorney General's Office<br>PL-01 The Capitol<br>Tallahassee, FL 32399<br>Phone: (850) 414-3300<br>Fax: (850) 487-2564<br>Natalie.christmas@myfloridalegal.com<br>*Counsel for the State of Florida* |
| **RAÚL R. LABRADOR**<br>**Attorney General of Idaho**<br><br>*/s/ Alan Hurst*<br>Alan Hurst<br>*Solicitor General*<br>Matthew L. Maurer*<br>*Deputy Attorney General*<br>Office of the Attorney General<br>PO Box 83720,<br>Boise, Idaho 83720<br>Phone: (208) 334-2400<br>Email: Alan.Hurst@ag.idaho.gov<br>Matthew.Maurer@ag.idaho.gov<br>*Counsel for the State of Idaho* | **THEODORE E. ROKITA**<br>**Attorney General of Indiana**<br><br>*/s/ James A. Barta*<br>James A. Barta<br>*Solicitor General*<br>Indiana Attorney General's Office<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>Phone: (317) 232-0709<br>Email: james.barta@atg.in.gov<br>*Counsel for the State of Indiana* |

BRENNA BIRD
**Attorney General of Iowa**

/s/ Eric H. Wessan
Eric H. Wessan
*Solicitor General*
1305 E. Walnut Street
Des Moines, Iowa 50319
Phone: (515) 823-9117
Email: Eric.Wessan@ag.iowa.gov
*Counsel for the State of Iowa*

ANDREW BAILEY
**Attorney General of Missouri**

/s/ Joshua M. Divine
Joshua M. Divine
*Solicitor General*
Office of the Missouri Attorney General
Supreme Court Building
207 West High Street
Jefferson City, Missouri 65102
Phone: (573) 751-8870
Email: Josh.Divine@ago.mo.gov
*Counsel for the State of Missouri*

MICHAEL T. HILGERS
**Attorney General of Nebraska**

/s/ Zachary B. Pohlman
Zachary B. Pohlman
*Assistant Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Phone: (402) 471-2682
Email: Zachary.Pohlman@Nebraska.gov
*Counsel for the State of Nebraska*

RUSSELL COLEMAN
**Attorney General of Kentucky**

/s/ Zachary M. Zimmerer
Zachary M. Zimmerer
*Assistant Attorney General*
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Phone: (502) 696-5617
Email: Zachary.zimmerer@ky.gov
*Counsel for the Commonwealth of Kentucky*

AUSTIN KNUDSEN
**Attorney General of Montana**

/s/ Peter M. Torstensen, Jr.
Peter M. Torstensen, Jr.
*Deputy Solicitor General*
Christian B. Corrigan
*Solicitor General*
Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
Phone: (406) 444.2026
Email: peter.torstensen@mt.gov
*Counsel for the State of Montana*

JOHN M. FORMELLA
**Attorney General of New Hampshire**

/s/Brandon F. Chase
Brandon F. Chase
*Assistant Attorney General*
New Hampshire Department of Justice
1 Granite Place – South
Concord, New Hampshire 03301
Phone: (603) 271-3650
Email: brandon.f.chase@doj.nh.gov
*Counsel for the State of New Hampshire*

6

DAVE YOST
**Attorney General of Ohio**

/s/ T. Elliot Gaiser
T. Elliot Gaiser
*Ohio Solicitor General*
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Phone: (614)466-8980
Fax: (614) 466-5087
Email: thomas.gaiser@ohioago.gov
*Counsel for the State of Ohio*

MARTY J. JACKLEY
**Attorney General of South Dakota**

/s/ Clifton Katz
Clifton Katz
*Assistant Attorney General*
Office of the Attorney General
State of South Dakota
1302 E. Hwy. 14, Suite #1
Pierre, South Dakota 57501
Phone: (605) 773-3215
Email: Clifton.katz@state.sd.us
*Counsel for the State of South Dakota*

ALAN WILSON
**Attorney General of South Carolina**

/s/ Joseph D. Spate
Joseph D. Spate
*Assistant Deputy Solicitor General*
Office of the South Carolina Attorney General
1000 Assembly Street
Columbia, South Carolina 29201
Phone: (803) 734-3371
Email: josephspate@scag.gov
*Counsel for the State of South Carolina*

JONATHAN SKRMETTI
**Attorney General and Reporter of Tennessee**

/s/ Brian Daniel Mounce
Brian Daniel Mounce
*Strategic Litigation Counsel &*
*Assistant Solicitor General*
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Phone: 615-741-1400
Email: Brian.mounce@ag.tn.gov
*Counsel for the State of Tennessee*

| | |
|---|---|
| KEN PAXTON<br>**Attorney General of Texas**<br><br>Brent Webster<br>*First Assistant Attorney General*<br>Ralph Molina<br>*Deputy First Assistant Attorney General*<br>Austin Kinghorn<br>*Deputy Attorney General, Legal Strategy*<br>Ryan D. Walters<br>*Chief, Special Litigation Division*<br><br>/s/ *David Bryant*<br>David Bryant<br>*Senior Special Counsel*<br>Munera Al-Fuhaid<br>*Special Counsel*<br>Office of Attorney General of Texas<br>P.O. Box 12548<br>Austin, Texas 78711<br>Phone: (512) 936-1700<br>Email: David.Bryant@oag.texas.gov<br>　　　　Munera.Al-Fuhaid@oag.texas.gov<br>*Counsel for the State of Texas* | JASON S. MIYARES<br>**Attorney General of Virginia**<br><br>/s/ *Kevin M. Gallagher*<br>Kevin M. Gallagher<br>*Principal Deputy Solicitor General*<br>Virginia Office of the Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Phone: (804) 786-2071<br>Fax: (804) 786-1991<br>Email: kgallagher@oag.state.va.us<br>*Counsel for the Commonwealth of Virginia* |