## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

State of Kansas, et al.,

                                        Plaintiffs,

vs.                                                   Case No. 1:24-cv-00150

United States of America, et al,

                                        Defendants.

---

## ORDER DENYING MOTION TO STAY PRELIMINARY INJUNCTION

---

[¶ 1]    THIS MATTER comes before the Court upon a Motion to Stay Preliminary Injunction[1] and Request for Expedited Ruling filed by the Defendants[2] on December 11, 2024. Doc. No. 119. The Plaintiffs[3] filed a Response on December 12, 2024. Doc. No. 127. On December 13, 2024, the Court granted Defendants' Request to Expedite and Ordered the Defendants to file a Reply on or before December 18, 2024. Doc. No. 128. Defendants filed a Reply the same day. Doc. No. 129. For the reasons set forth below, the Court **DENIES** Defendants' Motion.

---

[1] The Court takes notice the Defendants have filed an appeal to the Eighth Circuit Court of Appeals (USCA 24-3521). Doc. Nos. 120-21. "Federal Rules of Appellate Procedure 8 governs this issue. Rule 8(a) directs the applicant to turn first to the district court; that initial application in the district court will be governed by Civil Rule 62." § 3954 Motion for a Stay or Injunction, 16A Fed. Prac. & Proc. Juris. § 3954 (5th ed.) ("The cardinal principle with respect to stay applications under Rule 8 is that the relief ordinarily must first be sought in the lower court."). Therefore, the Defendants properly filed a Motion for Stay in the District Court, and this Court has jurisdiction. Additionally, an appeal does not itself stay an injunction. Fed. R. Civ. P. 62(c)(1).

[2] The Defendants are the United States and the Centers for Medicare and Medicaid Services.

[3] The Plaintiffs are nineteen states led by the State of Kansas.

[¶ 2]    A stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672-73 (1926)). The party requesting a stay bears the burden of showing the circumstances justify an exercise of that discretion. Id. at 433-34. The stay factors are: (1) whether the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. at 434. There is substantial overlap between the preliminary injunction and stay factors "not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id.; see also Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).

[¶ 3]    The Defendants ask the Court to Stay its Order for Preliminary Injunction and Stay issued in favor of Plaintiffs on December 9, 2024. Doc. No. 117.[4] The Defendants argue a stay is warranted because Plaintiffs lack standing, venue is improper, and the stay factors weigh in their favor. To support their position, Defendants include a declaration from Jeffrey Grant, who serves as the Deputy Director for Operations in the Center for Consumer Information and Insurance Oversight ("CCIIO") at the Centers for Medicare and Medicaid Services ("CMS"). Doc. No. 119-

---

[4] The Court notes its Order denying Defendant's Motion to Dismiss issued on December 9, 2024, the same day Defendants' Reply was due. However, the entirety of the Defendants' Motion was based on prior filings and no new information was brought before the Court. See Doc No. 108, p. 1 (noting, to avoid repetitive briefing, Defendants incorporated their arguments raised in Doc. Nos. 61, 90, and 107 as grounds for their Motion to Dismiss). The Motion to Dismiss itself had less than two pages of argument, and the Plaintiffs' Response had roughly four pages where they also incorporated prior arguments by reference. See Doc. Nos. 108, 114. The grounds for the Motion to Dismiss were thoroughly briefed, and therefore no prejudice resulted from the Court's Order.

1. Mr. Grant claims the injunction of the Final Rule will "create substantial operation complexities, impose costs on the federal government" and limit CCIIO's ability ensure smooth operation of the exchanges. Id. at 10. The Plaintiffs disagree, arguing Plaintiffs have standing, venue is proper, and the stay factors weigh in their favor as the Court had already found.

[¶ 4]    The stay factors were examined when the Court ruled on Plaintiff's Motion to Stay and Preliminary Injunction and incorporates that analysis here and finds the factors still weigh in favor on the Plaintiffs. See Doc. No. 117, p. 17 (concluding the stay factors weighed in favor of the Plaintiffs). However, the Court will briefly discuss the balance of equities. The Defendants claim they, third parties, and DACA recipients are irreparably harmed by this Court's order requiring changes to exchanges' eligibility engines during open enrollment and thus, the balance of equities tips in their favor. Doc. No. 119, p. 9. Additionally, the Defendants face additionally costs with complying with the Courts Order. Id at 10. However, "[t]here is generally no public interest in the perpetuation of unlawful agency action." League of Women Voters of U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016). Where a party has established a strong likelihood of success on the merits, it is a strong indication that a preliminary injunction would serve the public interest. Shawnee Tribe v. Mnuchin, 984 F.3d 95, 102 (D.C. Cir. 2021).

[¶ 5]    Considering the equities here, the Court finds it still favors Plaintiffs. Plaintiffs have proven they are likely to succeed on the merits and the public has no interest in the perpetuation of unlawful agency action. While Defendants may face complexity and costs associated with the Courts Order for Preliminary Injunction, it does not tip of the balance of equities in their favor.

## CONCLUSION

[¶ 6]    The Court has reviewed briefs, the relevant caselaw, and this Court's prior Order. The analysis of both the preliminary injunction and stay factors still weigh in favor of the Plaintiffs,

- 4 -

and the Court will not reopen this issue. For those reasons, the Defendant's Motion to Stay Preliminary Injunction is **DENIED**.

[¶ 7]   **IT IS SO ORDERED**

DATED December 18, 2024.

Daniel M. Traynor, District Judge
United States District Court