UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **STATE OF KANSAS,** *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **UNITED STATES OF AMERICA,** *et al.*, <br><br> *Defendants.* | Case No. 24-cv-150-DMT-CRH |

### SUPPLEMENTAL DECLARATION OF JEFFREY GRANT

I, Jeffrey Grant, pursuant to 28 U. S. C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby declare as follows:

1. I currently serve as the Deputy Director for Operations in the Center for Consumer Information and Insurance Oversight (CCIIO) at the Centers for Medicare & Medicaid Services (CMS). In that role, I oversee operations for the Federally-facilitated Exchanges (FFEs) and State-based Exchanges on the Federal Platform (SBE-FPs) (referred to collectively as the FFE).

2. I previously submitted a declaration to this Court on December 11, 2024, *see* ECF No. 119-1, addressing the operations of the FFE and CMS's implementation of the preliminary injunction. This declaration will provide an update on CMS's implementation of the preliminary injunction in light of the recent rulings from United States Court of Appeals for the Eighth Circuit temporarily staying the preliminary injunction and then lifting the administrative stay to allow the preliminary injunction to again take effect. As with my previous declaration, this declaration will not address how the three Plaintiff-States that

1

operate State-Based Exchanges will revise their exchanges' eligibility criteria to align with this Court's interpretation of "lawfully present."

3. As described in my previous declaration, ¶¶ 8-10, due to the complexity of the FFE system, CMS generally does not make significant changes with respect to eligibility logic (such as the preliminary injunction would require) during Open Enrollment until after the deadline for January 1 coverage, and it has no history of making such changes after December 1 and before the mid-December deadline. For this Open Enrollment period, CMS extended the deadline for January 1 coverage to December 18.

4. As described in my previous declaration, ¶¶ 14-15, 17-18, the preliminary injunction in this case requires CMS to update its website to communicate the Court's injunction, modify eligibility systems and make website changes on the FFE to prevent DACA recipients in the 16 FFE Plaintiff-States from enrolling, and cancel the 2025 coverage for all DACA recipients in those 16 FFE Plaintiff-States.

5. Prior to the court of appeals' stay, CMS had updated its website to note the effect of the Court's injunction for DACA recipients and other impacted noncitizens in the Plaintiff-States. Following the court of appeals' stay, CMS updated its website again to note the effect of the stay for DACA recipients and other impacted noncitizens in the Plaintiff-States. CMS updated its website on the afternoon of December 26, 2024, to note that the preliminary injunction is back in effect.

6. As described in my prior declaration, ¶¶ 9-10, 14, the earliest that CMS could revise the FFE's eligibility criteria for the 16 FFE Plaintiff-States without undue risk of disrupting the platform during peak Open Enrollment was December 22. Absent the court of appeals' stay, CMS was prepared to update eligibility criteria at that time. The court of appeals lifted its stay on the evening of December 23. In the evening of December 26, CMS made an update to the FFE to revise the eligibility criteria for the 16 FFE Plaintiff-States.

7. In the afternoon of December 27, CMS will begin the process of cancelling 2025 coverage as previously indicated, *see* ¶¶ 14, 17-18. On December 28, CMS intends to generate notices for all impacted consumers notifying them that their coverage has been cancelled. For impacted consumers who have provided CMS with an electronic means to communicate (email or SMS text), the notifications will be sent that day with a hardcopy notice also sent

via U.S. mail. Those who have not provided an electronic contact will receive their notices only through the U.S. mail.

8. As a result of these activities, DACA recipients and other impacted noncitizens in the Plaintiff-States who selected a Marketplace plan prior to the evening of December 26, 2024 will have their 2025 Marketplace plan cancelled. Any DACA recipients and other impacted noncitizens who apply for coverage after the evening of December 26 will be considered ineligible to enroll in Marketplace coverage.

I declare under penalty of perjury under the law that the foregoing is true and correct.

JEFFREY GRANT -S
Digitally signed by JEFFREY GRANT -S
Date: 2024.12.26 20:49:31 -05'00'
_____

Jeffrey Grant

Dated: December 26, 2024