IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of Kansas, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, et al, <br><br> Defendants. | Case No. 1:24-cv-00150 |

### ORDER GRANTING MOTION TO INTERVENE AND FINDING AS MOOT MOTION FOR HEARING

[¶ 1]   THIS MATTER comes before the Court upon a Motion to Intervene filed on September 20, 2024, by three individuals[1] ("Individual Intervenors") and CASA, INC., ("CASA") who seek to intervene as defendants (collectively "CASA Parties"). Doc. No. 49. For the reasons set forth below, the Court **GRANTS** the CASA Parties Motion to Intervene and finds as **MOOT** Motion for Hearing (Doc. No. 75).

### PROCEDURAL HISTORY

[¶ 2]   The Court hereby incorporates the background and procedural history established in its prior orders and adds the below pertinent information. Doc. Nos. 117, pp. 2-4, 142, 143. On December 12, 2024, the CASA Parties filed their Notice of Appeal advancing two arguments: whether the district court abused its discretion or otherwise erred in effectively denying the CASA Parties motion to intervene, and whether the district court abused its discretion or otherwise erred in imposing a preliminary injunction against the Defendants. Doc. No. 124; see also State of

---

[1] They are Claudia Moya Lopez, Hyun Kim, and Dania Quezada Torres.

Kansas, et al v. Claudia Lopez, et al, Case No. 24-3532 (8th Cir. Dec. 27, 2024) (Designation and Statement of Issues). The parties ultimately filed a joint stipulation of voluntary dismissal of appeal on January 14, 2025. Id. (Stipulation for Dismissal). The Judgment and Mandate issued January 16, 2025. Doc. Nos. 150-51.

[¶ 3]   In the interim, the Court granted the Plaintiff States and the Defendants joint request for stay pending appeal. Doc. No. 143. However, while the stay is in effect this Court still retains jurisdiction over the active motions pending in this case. This was recognized by the parties in their Motion for Stay. See Doc. No. 139, p. 2 n.1 (noting the requested stay would not preclude the Court from deciding Plaintiffs' already filed motion for clarification). This matter is fully briefed and the parties have had opportunity to be heard.[2]

## DISCUSSION

### I.   Timeliness

[¶ 4]   The Court must first address whether the Motion to Intervene was timely. To determine whether a motion to intervene is timely, courts consider "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." In re Wholesale Grocery Prod. Antitrust Litig., 849 F.3d 761, 766-67 (8th Cir. 2017) (internal quotations marks omitted).

[¶ 5]   The Plaintiff States filed their Complaint on August 8, 2024, and their Second Amended Complaint on August 28, 2024. Doc. Nos. 1, 27. The CASA Parties filed their Motion to Intervene

---

[2] The Court notes it has granted fourteen prospective State's Motion for Leave to File Motion to Intervene on January 21, 2025. Doc. No. 155. The Movants filed their Motion to Intervene the same day. Doc. No. 156. The Court's prior order granting stay of further proceedings applies to that motion. As a result, the briefing deadlines for Movants Motion to Intervene do not start until the Eighth Circuit has ruled on the active appeal in this case.

on September 20, 2024, only 23 days after the Plaintiff States filed their amended complaint. Doc. No. 49. The Plaintiff States and Defendants were still filing briefs regarding the Plaintiff States' Motion for Preliminary Injunction and Stay at that time, and a hearing on the Motion had yet to occur. See Doc. Nos. 61, 74, 81, 84. The CASA Parties clearly have knowledge of the litigation, with the Individual Intervenors being DACA recipients and CASA being a non-profit that helps with immigration and provides assistance to DACA recipient members in its organization. Doc. Nos. 49-1, p. 2; 49-5, pp. 2-3. There was no delay in seeking intervention and no party will be prejudiced by their joinder. Upon weighing each factor, the Court finds the CASA Parties Motion to Intervene is timely.

## II. Standing

[¶ 6]  "In the Eighth Circuit, a prospective intervenor must 'establish Article III standing'" National Parks, 759 F.3d at 974. The Individual Intervenors argue they satisfy each element of standing, and CASA has associational standing to represent the interests of its members and organizational standing based on its own interests. The Plaintiff States and Defendants do not dispute standing. Rather, they argue intervention is not appropriate under these circumstances. As standing is not up for reasonable dispute, the Court finds the Individual Intervenors and CASA each have standing.

## III. Intervention as a Matter of Right

[¶ 7]  The CASA Parties argue they have legally protectable interests that satisfies the requirement for them to intervene as a matter of right. The Defendants and Plaintiff States argue the United States will adequately represent the CASA Parties' interests.

[¶ 8]  Rule 24(a) of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who:

> (1)  is given an unconditional right to intervene by a federal statute; or
>
> (2)  claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

[¶ 9] The Eighth Circuit distills this rule into a three-part test, requiring the party seeking intervention to show not only that it was timely, but that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003) (citing Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997)).

[¶ 10] Regarding the third element, a prospective intervenor typically bears only a minimal burden in showing that existing parties do not adequately represent its interests. Nat'l Parks Conservation Ass'n v. U.S. E.P.A., 759 F.3d 969, 975 (8th Cir. 2014) ("National Parks") (quoting Mille Lacs Band of Chippewa Indians v. State of Minn., 989 F.2d 994, 999 (8th Cir. 1993)). However, a prospective intervenor has a heavier burden when an existing party has an obligation to represent its interests. Mille Lacs, 989 F.2d at 999-1000. Under the concept of *parens patriae*, if a government agency is a party in litigation involving a matter of sovereign interest, the government is presumed to represent the interest of all its citizens. Id. at 1000; National Parks, 759 F.3d at 976. Yet the presumption only applies to the extent the prospective intervenor's interests coincide with the public interest. National Parks, 759 F.3d at 977. If the prospective intervenor stands to lose or gain from the lawsuit in a way different than the public at large, *parens patriae* does not apply. Chiglo, 104 F.3d at 188.

[¶ 11] In determining whether to presume adequacy of representation by the sovereign, it is important to focus on what the case is about. Stenehjem, 787 F.3d at 921. This case is about the Centers for Medicare & Medicaid Services' final rule defining "lawfully present" in 42 U.S.C. § 18032(f)(3) and related Affordable Care Act provisions. The recognized interest for the Individual Intervenors is clear as they are the intended beneficiaries of the Final Rule. This is similar to a case from the Fifth Circuit that found these individual interests to be valid for intervention. See Texas v. United States, 805 F.3d 653, 661 (5th Cir. 2015) (finding intervenors satisfied the interest requirement because they were the intended beneficiaries of the challenged federal policy). CASA has an organizational interest that is broader as DACA recipients make up a significant portion of its membership, and one of CASA's services is to facilitate access to medical care for its DACA members. Doc. No. 49-5, pp. 2-3. The Final Rule seeks to impede the Individual Intervenors and CASA's interests. The Court recognizes these as valid interests in the subject matter of the litigation. That interest will obviously be impaired by final disposition of this case, as it could limit the CASA Parties ability to access affordable health care coverage.

[¶ 12] Where the parties largely devote their efforts is whether the Defendants will adequately protect the CASA Parties interest. However, this matter is easily disposed. The CASA Parties interests are in a tumultuous place due to the change in administration in the Executive Branch. This has been recognized as sufficient to show parties "cannot be assured" the government's current position "will remain static or unaffected by unanticipated policy shifts." National Parks, 759 F.3d at 977. A change in administration can obviously result in policy shifts. Indeed, this seems to be the argument advanced in a separate motion before the Court brought by fourteen States seeking to intervene. See Doc. Nos. 156; 157, p. 9 (noting the States are entitled to intervene as a matter of right, especially considering federal defendants will no longer adequately represent

their interests after the change in administration). Therefore, while the Defendants may have started this case with similar interests, there is no guarantee that it remains the same with the new administration. That consideration alone warrants intervention.

[¶ 13] For those reasons, the Court finds the CASA Parties may intervene as Defendants as a matter of right in this case.

## IV.    Permissive Intervention

[¶ 14] In the alternative, the CASA Parties argue they can join suit under permissive intervention. The Defendants and United States oppose permissive intervention. Rule 24 further provides for permissive intervention, dictating that, on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(b).

[¶ 15] "The decision to grant or deny a motion for permissive intervention is wholly discretionary." S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citing Bush v. Viterna, 740 F.2d 350, 359 (5th Cir.1984) ("Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.")); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 376–77 ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.") (footnote omitted). The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights. Fed. R. Civ. P. 24(b)(3); Barnett, 317 F.3d at 787 (citing United

States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir.1994)); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 379.

[¶ 16]  The Court has reviewed the record and finds, if intervention as a matter of right would not apply, permissive joinder would be appropriate. Permissive joinder of the CASA Parties will not unduly delay or prejudice the adjudication of the original parties' rights. The CASA Parties have remained active in this litigation, filing motions and briefs relating to the Plaintiff States' Motion for Preliminary Injunction and Stay and other motions thereafter. Doc. Nos. 62, 92, 125. The CASA Parties maintain interests that are different than that of the Federal Government, interests that may no longer be adequately represented with the change in administration. National Parks, 759 F.3d at 977. For those reasons, the Court finds the CASA Parties may be joined as defendants to this case under permissive intervention.

## CONCLUSION

[¶ 17]  The Court has reviewed the entire record, the parties' briefs, and the relevant caselaw. For the above stated reasons, the Court **GRANTS** the CASA Parties Motion to Intervene (Doc. No. 49). The CASA Parties will be allowed to intervene as Defendants. Additionally, the CASA Parties Motion for Hearing on their Motion to Intervene (Doc. No. 75) is hereby **MOOT** as the Court has ruled on the underlying motion.

[¶ 18]  **IT IS SO ORDERED**

DATED January 30, 2025.

Daniel M. Traynor, District Judge
United States District Court